**Harry C. GLEASON, Administrator de bonis non of Estate of Alfred E. DeVore, deceased, Plaintiff,**

v.

**The GREAT LAKES TOWING COMPANY, United States Steel Corporation, Pittsburgh Steamship Division, Defendants.**

Civ. A. No. 32842.

United States District Court
N. D. Ohio, E. D.
Dec. 3, 1957.

Eugene Bleiweiss, Payer, Bleiweiss & Crow, Cleveland, Ohio, for plaintiff.

Robert G. McCreary, Jr., Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, for defendant U. S. Steel Corp.

Roman T. Keenan, McCreary, Hinslea, & Ray, Cleveland, Ohio, for defendant The Great Lakes Towing Co.

WEICK, District Judge.

This action originated in the Common Pleas Court of Cuyahoga County, Ohio.

It was instituted by an administrator to recover damages for personal injuries to and wrongful death of the decedent arising out of a collision occurring in the harbor at Conneaut, Ohio on or about June 12, 1955 between the Ferry Boat "Betty K" owned by decedent's employer, The Pittsburgh & Conneaut Dock Company, and operated by decedent and the tug "North Dakota", owned and operated by defendants.

The wrongful death action was brought under the authority of the Revised Code of Ohio § 2125.01 for the benefit of decedent's daughter, Lois Jane Wells age 29, who, it is claimed, had a pecuniary interest in his life.

The action was removed to this Court on the ground of diversity of citizenship.

Defendants' motion to dismiss and for summary judgment was based upon the proposition that the administrator "is without legal capacity to sue as legal representative of Alfred E. DeVore, deceased, the right having been assigned to The Pittsburgh & Conneaut Dock Company by operation of law * * * following the entry of Compensation Order dated June 18, 1956 * * * and the payment in compliance with said Compensation Order of the sum of $1,000 to the Treasury of the United States * * *." Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

The Deputy Commissioner under the Act, on June 18, 1956, made a finding that no person is entitled to compensation and ordered the employer, The Pittsburgh & Conneaut Dock Company to make payment of $1,000 to the Special Fund pursuant to the provisions of § 944 (c) (1) of said Act. 33 U.S.C.A. § 944.

This payment operated as an assignment to the employer of all right of the legal representative of the deceased to recover damages against a third person. 33 U.S.C.A. § 933(c).

It is the position of defendants that the claims for personal injury and wrongful death set forth in the complaint have been assigned by operation of law to decedent's employer, The Pittsburgh & Conneaut Dock Company and that plaintiff is, therefore, without right to maintain this action. Moore v. Christiensen S. S. Co., 5 Cir., 53 F.2d 299; Christensen v. United States, 2 Cir., 194 F.2d 978.

It is further claimed by defendants that the order of the Deputy Commissioner was presumptively correct and may not be collaterally attacked. Davis v. Dept. of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246.

Under the provisions of the Longshoremen's and Harbor Workers' Act decedent's daughter was not entitled to benefits, even if the Act applied, because she was of full age and not wholly dependent upon him for her support. 33 U.S.C.A. § 902(14).

If the Longshoremen's and Harbor Workers' Act applies, then plaintiff's action must fail because the remedies therein provided are exclusive. 33 U.S. C.A. § 905. In such event decedent's daughter would be deprived of her action for wrongful death and she would have no claim for compensation under the Act.

The plaintiff's decedent was neither a longshoreman or a harbor worker. He was the operator of a ferry boat in navigable waters of the United States in the harbor at Conneaut, Ohio.

Compensation was expressly excluded by Section 903(a) of the Act which provides "No compensation shall be payable in respect of the disability or death of—

"(1) A master or member of a crew of any vessel * * *." 33 U.S.C.A. § 903(a).

Section 902(3) of the Act provides: "The term 'employee' does not include a master or member of the crew of any vessel * * *."

The decedent was a member of the crew of a vessel. Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 430; Weiss v. Central R. Co. of New Jersey, 2 Cir., 235 F.2d 309; Pere Marquette R. Co. v. Bassett, D.C.W.D.Mich., 42 F. Supp. 781.

The daughter of the decedent, for whose benefit this action for wrongful death was brought, had no notice of the proceedings before the Deputy Commissioner or of his order.

She was afforded no opportunity to appear and be heard before the Deputy Commissioner or to challenge his decision.

It seems a little harsh to permit a cause of action for wrongful death, which had previously vested and for which remedies had been provided by law, to be taken away from the owner, without notice or hearing, and given to another, by an administrative officer.

The Deputy Commissioner had no jurisdiction, under the Act, to award compensation to an injured member of a crew or his dependents. His findings of fact show on their face that decedent was employed as an operator of the vessel. His order directing the employer to pay $1,000 into the Special Fund was a nullity. Compliance with the order by the employer did not operate to assign plaintiff's cause of action. He could not assign plaintiff's claim without his consent. The order being void may be collaterally attacked.

Cases cited by defendants involving the binding effect of orders made by the Deputy Commissioner, in proceedings where he had jurisdiction, are not in point here. The case at bar is expressly excluded from the Act.

The motion to dismiss and for summary judgment is, therefore, denied.