## SCIORTINO v. DIMON S. S. CORPORATION.
### No. 3858.

District Court, E. D. New York.
Jan. 9, 1930.

Fink & Frank, of New York City (Jacquin Frank, of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (William P. Allen, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

The special issue raised by the separate defense as to whether or not the plaintiff has accepted compensation within the meaning of section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act (33 US CA § 933(b), was tried before this court without a jury.

The sole question for determination is whether or not the third party action specially reserved to injured employees by virtue of section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act (33 US CA § 933(b), has been saved to this plaintiff, or whether the Travelers' Insurance Company has been subrogated to the rights of the plaintiff.

The plaintiff, a longshoreman, employed by the Chiarello Stevedoring Company, was injured on April 19, 1928, while employed on board the steamship Westmount, owned and operated by the defendant. Immediately aft-

er the accident the plaintiff was taken to a hospital where he remained until May 23, 1928, and thereupon returned to his home, and has been treated by a physician up to the date of the trial.

The Chiarello Stevedoring Company filed a report of the accident with the deputy commissioner of New York City of the United States Employees' Compensation Commission on April 25, 1928.

The Travelers' Insurance Company, the insurance carrier for the Chiarello Stevedoring Company, on April 28, 1928, issued its voucher for $20, in payment of compensation from April 26, 1928, to May 3, 1928, and mailed it to plaintiff's home address, as provided by the law, and on May 4, 1928, filed with the deputy commissioner its report of the beginning of compensation payments. At regular intervals thereafter, the Travelers' Insurance Company sent its check to the plaintiff by mail in payment of compensation. These checks were received and cashed by plaintiff's wife, who indorsed plaintiff's name on the checks up to and including a check dated September 27, 1928, for $40, covering the period from September 13, 1928, to September 27, 1928. The Travelers' Insurance Company continued to send its checks to the plaintiff by mail until November 22, 1928, when it was informed that plaintiff desired no further payments. The checks issued subsequent to the one dated September 27, 1928, were not cashed.

On July 18, 1928, some one, alleged to be representing the plaintiff, requested increased compensation from the compensation commission. An increase was denied. A like request was made on September 18, 1928, and again denied.

On October 25, 1928, the plaintiff tendered to the Travelers' Insurance Company the compensation which had been received up to that date, but this tender was refused by the Travelers' Insurance Company.

Plaintiff's doctor bills and expenses at the hospital, as well as his bills for treatments by a physician since his discharge from the hospital, have been paid by the Travelers' Insurance Company. Plaintiff denied that he had any knowledge as to the payment of compensation prior to September or October, 1928.

There is no doubt that the plaintiff has suffered a serious injury. Since his return home, on May 23, 1928, he has been fully advised as to what was going on. It is unreasonable to suppose that the plaintiff did not discuss with his wife the source of income.

His mind was not affected in any way. Dr. Bass, who treated the plaintiff after he returned home from the hospital, testified that the plaintiff intelligently answered his questions and gave no indication of an unbalanced mental condition.

While it may be unfortunate that the plaintiff has accepted compensation, and upon that point I express no opinion, I am convinced that during this long period of time the plaintiff knew that he was accepting compensation, and was actually being supported by this compensation.

Plaintiff has elected to take compensation and therefore cannot rescind this election. Plaintiff's acceptance of compensation operates as an assignment of his rights to his employer. Section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 933(b). The plaintiff's acceptance of compensation with full knowledge thereof bars a recovery in this action. The complaint will be dismissed.

Settle order on notice.