**MOORE v. CHRISTIENSEN S. S. CO.**

No. 6281.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1931.

Edgar J. Oliver, of Savannah, Ga., for appellant.

A. R. Lawton, Jr., of Savannah, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a decree dismissing, on exceptions, a libel in personam which sought to hold a shipowner liable for negligently causing the death in 1929 of a longshoreman while he and other longshoremen were engaged, under the direction of their employer, the stevedore, in loading freight in the hold of the owner's ship while she was lying in Savannah harbor. The libel was brought under the Georgia Death Statute by the administrator for the benefit of an adult dependent sister of the deceased. Ga. Civ. Code § 4424, as amended in 1924 (Laws 1924, p. 60).

The district judge held that the state law, in respect of the cause of action alleged, has been superseded by the Act of Congress of March 4, 1927, known as the "Longshoremen's and Harbor Workers' Compensation Act." 44 Stat. 1424 (33 USCA §§ 901–950). And we think he was right in so holding. The act of Congress above referred to deals broadly with employees and employers engaged in maritime employment upon the navigable waters of the United States, provides compensation for disability or death of an employee, and makes the employer liable for such compensation. By section 5 (33 USCA § 905) the liability of the employer is made exclusive of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and any one otherwise entitled to recover damages from such employer at law or in admiralty on account of such employee's injury or death. It is therefore clear that this action could not have been maintained against the employer. Nogueira v. New York, etc., R. Co., 281 U. S. 128, 50 S. Ct. 303, 74 L. Ed. 754. Nor in our opinion does it lie against the shipowner. It is true that the person entitled to the compensation provided for by the act of Congress may elect to sue a third person for damages, but payment by the employer of such compensation operates as an assignment to him of all rights of the legal representative of the deceased to recover damages against such third person. Section 33 (33 USCA § 933). The employer is required to pay $1,000 as compensa-

tion upon the death of an employee upon the determination by the deputy commissioner that there is no person entitled to recover compensation for such death. Section 44 (33 USCA § 944). It is alleged that such determination of the commissioner and payment of compensation by the employer were made in this case after the suit was filed; but that makes no difference, because no right ever vested in appellant and consequently none was taken away from him. For the same reason an amendment to the libel, alleging that the employer had declined to sue the shipowner, is immaterial. Recovery is authorized by the legal representative on behalf of dependent brothers and sisters under eighteen years of age, but, unlike the state statute sued on, does not include as a beneficiary an adult dependent sister. Section 9(d), 33 USCA § 909(d). The result is that a suit is sought to be maintained under a state law to recover damages which are not allowable under the federal act. It clearly was the intention of Congress to assign to the employer all rights of the legal representative of the deceased, and also to enumerate the classes of the beneficiaries on whose behalf recovery might be had. It is not to be supposed that for the same injury or death two actions against the same party were contemplated, one under the state law and another under the act of Congress.

The conclusion is that the federal act fixes and limits the rights of longshoremen or their legal representatives in suits against third persons as well as for claims against their employers, to the exclusion of state statutes on the same subject.

The decree is affirmed.