## THE NAKO MARU.

## LAVINO SHIPPING CO. v. SPECK.

### No. 6772.

Circuit Court of Appeals, Third Circuit.

Feb. 6, 1939.

Charles E. Kenworthey, Evans, Bayard & Frick, and Benjamin O. Frick, all of Philadelphia, Pa., for appellant.

Allen Spangler, Abraham E. Freedman, and Paul M. Goldstein, all of Philadelphia, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The respondent-appellant is the agent for the interest of Nippon Yusen Kaisha, owner of the steamship "Nako Maru" which was libeled by Boris Speck, the libellant-appellee.

The libel alleges that Speck during the course of his employment by a stevedoring company and while working on the "Nako Maru" was injured when a "key" used to remove hatch covers slipped from the hands of a foreman and struck Speck, and that the libellant's injuries resulted because the key was bent and therefore not suitable for the purposes for which it was intended. The appellant interposed two defenses to the libel. First, it denied that the bent condition of the key was the proximate cause of the injury, and, second, it contended that the cause of action of the libellant was assigned by operation of law for the reason that the libellant had accepted compensation from his employer. The court below dismissed both defenses and entered a decree in favor of the appellee and against the appellant in the sum of $1,225. From this decree the appeal at bar is taken.

The libel was instituted pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, Act of March 4, 1927, c. 509, 44 Stat. 1424, 33

U.S.C.A. §§ 901–950. Section 33 of that Act provides:

"(a) If on account of a disability or death for which compensation is payable under this Act the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election."

In the case at bar there is no doubt that Speck received the sum of $195 by way of compensation from his employer for his injuries. His counsel admitted this and could have done nothing else. It is therefore apparent that Speck's right to recover damages was assigned by virtue of the provisions of the statute to Speck's employer, the stevedoring company, and that this assignment had taken place prior to the filing of the libel.[1] The libel therefore should have been dismissed by the court below.

The appellee contends and the trial court found that the provisions of subsection (b) of Section 33 of the Act would not serve to permit a third person who has been guilty of a tort to escape responsibility for damages because of the fact that the employer of the injured workman has paid him compensation. We cannot accept this view. See Moore v. Christienson S. S. Co., 5 Cir., 53 F.2d 299; Sciortino v. Dimon S. S. Corp., D.C., 39 F.2d 210; Freader v. Cities Service Transportation Company, D.C., 14 F.Supp. 456.

In Hunt v. Bank Line, Limited, 4 Cir., 35 F.2d 136, 137, the court stated:

" * * * the act clearly contemplates that, if the employee elects to receive compensation, he is to have no further interest in or control over the suit. This is shown by subsection (d), which is as follows: '(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.' * * * The authority on the part of the employer to compromise without instituting suit negatives any right on the part of the employee to have suit instituted. And it is to be noted, also, that the employee is given no power to control or veto the compromise.

"Under subsection (g) provision is made for compromise by the employee in cases where he sues the third person under the provision of subsection (f), to which we shall refer later; and it is expressly provided that the employer must have given his written consent to a compromise for less than the amount of the compensation provided by the act, if he is to be held liable thereunder for the difference. We think that this control over the compromise given the employer under subsection (g), where he is interested in the suit, is in striking contrast with the lack of any control given the employee by subsection (d), and clearly indicates that it was not contemplated that the employee should have any further interest in the cause of action assigned to the employer under subsection (b).

" * * * If he elects to receive the compensation, his cause of action is transferred to his employer, and he has no other or further interest therein, unless the employer recovers more than enough to reimburse him for the compensation paid, with costs and expenses, in which event the excess belongs to the employee. * * *[2]

"We think that there can be no question that this is the correct interpretation of the act, if its provisions be considered in vacuo. Certainly it is the correct interpretation, if the act be considered in the light of the common law and of the history of similar legislation. At common law the

---

[1] Since the time of the accident, subsection (b) has been amended by the Act of June 25, 1938, c. 685, sec. 12, 52 Stat. 1168, 33 U.S.C.A. § 933 (b) and provides:

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

[2] See Section 33 (e) of the Act, 33 U.S. C.A. § 933 (e), constituting the employer a trustee of the excess recovered above compensation paid with costs and expenses, for the benefit of the injured employee.

acceptance of settlement from one of two joint tort-feasors extinguished the cause of action and released both."

See, also, by way of analogy, Aetna Life Insurance Co. v. Moses, 287 U.S. 530, 53 S.Ct. 231, 77 L.Ed. 477, 88 A.L.R. 647.

Accordingly, the decree of the court below is reversed and the cause is remanded with directions to dismiss the libel.