**TOOMEY v. WATERMAN S. S. CORPORATION et al.**

**No. 40.**

Circuit Court of Appeals, Second Circuit.

Nov. 24, 1941.

Jacob Rassner, of New York City, for plaintiff-appellant Michael Toomey.

Barry, Wainwright, Thacher & Symmers, of New York City (John C. Crawley, of New York City, of counsel), for appellees Waterman S. S. Corporation and Waterman S. S. Agency, Ltd.

Alexander & Ash, of New York City (Edward Ash and Joseph M. Meehan, both of New York City, of counsel), for appellee Ryan Stevedoring Co., Inc.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The questions raised by this appeal are whether the plaintiff by acceptance of the compensation paid under the Longshoremen's Act elected to abandon his right to recover indemnity from third persons and whether, irrespective of a conscious election, such an acceptance operated as an assignment to his employer, Ryan Stevedoring Company, of all his rights to recover damages against Waterman Steamship Corporation and Waterman Steamship Agency, Ltd.

Under Title 33, Section 914 (a) U.S.C.A. the act provides: "Compensation * * * shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer."

Section 933 (a) provides that: "If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person."

Section 933 (b) (prior to amendment on June 25, 1938) provided as follows: "Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election." 44 Stat. 1440.

After amendment on June 25, 1938, the last subdivision read as follows: "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

Merrick's testimony which we have quoted showed that he informed the plaintiff that if he accepted compensation under the Longshoremen's Act he could not sue third parties for damages arising from his

accident. While the master did not make a formal finding that the plaintiff understood that by accepting compensation he was releasing his rights to recover damages against third parties, such was evidently the master's opinion or he would not have said "it is incredible that the talk with Merrick about the accident, the weekly compensation rate and other matters could have proceeded without some inquiries from the plaintiff about where he stood." In other words, it is plain that the master credited the testimony of Merrick that the plaintiff was informed that he could not sue third parties if he accepted compensation under the Longshoremen's Act.

■ But irrespective of whether there was proof of a conscious exercise of the election given by Section 933 (a) to receive compensation instead of recovering damages against third parties, under Section 933 (b) "acceptance of such compensation [operated] as an assignment to the employer of all right * * * to recover damages against such * * * person, * * *" and plaintiff accordingly lost his cause of action against the third parties.

■ In Sciortino v. Dimon S. S. Corporation, 2 Cir., 44 F.2d 1019, affirming D.C., 39 F.2d 210, we held that an employee who accepted compensation thereby lost his right to sue third parties. The Third Circuit reached the same conclusion in The Nako Maru, 101 F.2d 716, as did Judge Caffey in the District Court in Freader v. Cities Service Transp. Co., 14 F.Supp. 456. There can be no doubt that the plaintiff was well aware that he was receiving compensation. Under Section 933 (b) the acceptance effected a transfer which ended his right to bring the present action. In Johnsen v. American-Hawaiian S. S. Co., 98 F.2d 847, the Court of Appeals for the Ninth Circuit overlooked the definite language of Section 933 (b) whereby "acceptance" of "compensation shall operate as an assignment to the employer of all right * * * to recover damages against such third person * * *." We do not regard Section 933 (a) as limiting Section 933 (b), but rather as only aimed at an election, binding on the employee, after notice to the Deputy Commissioner, in a case where no acceptance of compensation has yet occurred.

■ ■ While Section 933 (b) was amended on June 25, 1938, the amendment occurred after all but one of the payments of compensation had been made. Section 933 (b) as it stood prior to amendment, in our opinion, governed the case and did not apply in its amended form or operate retroactively. Even if it did, we think that the compensation was accepted "under an award in a compensation order filed by the deputy commissioner." The master reported that the Deputy Commissioner noted in his records the disposition he had made of the plaintiff's claim for compensation. This act, though informal, was equivalent to an order and satisfied the provisions of the amendment.

Under the New York State Workmen's Compensation Law, Consol. Laws c. 67, a provision that the award of compensation shall operate as an assignment of the cause of action of the employee against third parties was eliminated in 1937, Chapter 684, Laws of 1937, and since then an employee may accept compensation and also bring an action against a third person within six months after the awarding of compensation. It may be that it is more just to allow an employee to resort to both remedies than to have acceptance of compensation either with or without an award operate to divest his cause of action. That, however, was a consideration for the law-making body. In any event the chance for constant differences over an employee's understanding of his legal rights which is involved in the interpretation of the act sought by the plaintiff is far from desirable. It would seem better that an employee who has accepted compensation should either lose his individual right to sue third parties or should retain both rights. If he knows he is getting compensation, as he plainly did here, that in our opinion was enough.

Judgment affirmed.

L. HAND, Circuit Judge (concurring).

I concur on the ground that the master's finding may be considered as an acceptance of Merrick's testimony that he told the plaintiff that he could not have compensation "if he thought he had a case * * * against a ship." While I should have preferred to send the case back for a supplemental finding, I think that the report will serve as it stands.