## THE OWEN.

### No. 123.

District Court, E. D. Pennsylvania.

March 25, 1942.

898

E. H. Fuiman, of Philadelphia, Pa., for libellant.

James S. Benn, Jr., of Conlen, LaBrum & Beechwood, all of Philadelphia, Pa., for respondent.

BARD, District Judge.

This is an action in admiralty for personal injuries brought by libellant against the Lighter "Owen". It is defended by one Sheridan as claimant of that vessel.

On October 5, 1937, libellant was employed by Murphy-Cook & Company as a stevedore engaged in loading a cargo on the S.S. "City of Flint" at Pier 98 in the Delaware River, Philadelphia. On that morning the Lighter "Owen" had come alongside the "City of Flint" with a cargo of oil cakes to be loaded on the "City of Flint". Apparently for the purpose of permitting his wife to disembark, the captain of the Lighter "Owen" took a wooden ladder belonging to the "Owen" and placed it against the side of the "City of Flint", resting the bottom of the ladder on the house deck of the lighter. To secure the ladder he tied it with a piece of rope from the top rung to the rail of the steamship.

The testimony on behalf of the libellant was that on that afternoon libellant was instructed by his foreman to ascertain from the captain of the Lighter "Owen" the markings on certain of her cargo, so that it could be placed in the proper holds of the "City of Flint". He called to the captain of the "Owen," who told him to come aboard and examine the cargo himself. He started to descend the ladder when there was some movement of the lighter, the rope parted, and the libellant and the ladder fell into the river, the libellant sustaining the injuries hereafter discussed. The piece of rope which remained tied to the rail was examined by a fellow worker of the libellant who testified that it was dry and rotted.

Claimant's defense to the negligence alleged was a denial of the ownership of the ladder and the rope; testimony of the captain of the "Owen" that the rope was in good condition and did not part; and denial by the captain that he had invited the libellant to come aboard to examine the cargo. After careful consideration of the conflicting testimony on these questions, I have accepted the version of the accident testified to by libellant's witnesses.

Claimant further denied liability on the ground that there is no proof of any contractual relationship between it and libellant's employer and that hence it owed no duty to the libellant to provide a safe means of access to the lighter. There is no need, however, that any such contractual relationship be shown. The Lighter "Owen" had a cargo to be loaded onto the "City of Flint", and it was in furtherance of the business of the "Owen" that her captain invited libellant, a stevedore engaged in loading the "City of Flint", to come aboard the lighter. Under such circumstances, the owner of the lighter cannot escape liability if the means of access furnished to one invited to come aboard in furtherance of the lighter's business was unsafe and resulted in injury to him. Compare Restatement of Torts, § 343.

The principal defense of the claimant, however, is that libellant may not as a matter of law maintain this action because he accepted three payments of compensation from his employer under the Longshoremen's and Harbor Workers' Compensation Act, Act of March 4, 1927, c. 509, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., and that under that Act such acceptance effects an assignment of the libellant's claim against a third party to his employer. Section 33 of that Act, 44 Stat. 1440, as it read at the time libellant was injured, provided, inter alia:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner

as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election."

■ It is undisputed that in the case at bar libellant received and cashed three compensation checks and that these checks unmistakably showed that they represented compensation payments under the Act. There is no claim that libellant did not know that he was getting compensation. Claimant, therefore, contends that libellant's claim has been assigned by operation of law to Murphy-Cook & Company, his employer, and that libellant may not maintain this action. In support of this contention claimant cites the recent decision of the Circuit Court of Appeals for this circuit in The Nako Maru, 101 F.2d 716; as well as the cases of Toomey v. Waterman S.S. Corporation, 2 Cir., 123 F.2d 718; Moore v. Christiensen S.S. Co., 5 Cir., 53 F.2d 299; Sciortino v. Dimon Steamship Corporation, 2 Cir., 44 F.2d 1019; Hunt v. Bank Line, Limited, 4 Cir., 35 F.2d 136; Freader v. Cities Service Transportation Co., D.C., 14 F.Supp. 456. In all of these cases it was held that under Section 33 of the Longshoremen's and Harbor Workers' Compensation Act acceptance of compensation operates as an absolute assignment of the claim of the injured employee to his employer and that the employee can thereafter neither maintain an action against the third party whose negligence allegedly caused his injury nor compel his employer to do so. While it would appear from the evidence that libellant did not know that his acceptance of compensation would operate as an assignment to his employer of any claim which he might have against a third party, it has been held that the Act does not require a conscious election. Toomey v. Waterman S.S. Corporation, supra; but compare Johnsen v. American-Hawaiian S. S. Co., 9 Cir., 98 F.2d 847.

■ In an effort to avoid the effect of these decisions, libellant introduced in evidence an agreement duly executed by his employer reassigning to him the claim against any third party responsible for his injury, in consideration of his return-ing to it the compensation payments which it had made to him. It therefore definitely appears that the employer in the case at bar has assented to the libellant's maintaining this action against a third party. In this respect this case differs from the cases relied upon by claimant, in all of which the employer either definitely opposed the claim of the employee against the third party, or there was no showing on the record of its position. The provision of the Longshoremen's and Harbor Workers' Compensation Act which transfers to the employer the rights of its employee against a third party upon the employee's acceptance of compensation is designed for the protection and benefit of the employer, not the third party wrongdoer. It entitles the employer who must pay compensation to the injured employee irrespective of fault, to enforce the employee's tort claim against any third party by whose fault the injury occurred. The third party tortfeasor was not the party sought to be protected by this provision of the Act and is given no ground thereunder to say which of two persons who may be entitled under the law to maintain an action against him may do so, except to the extent that he is entitled to protection against being exposed to action by both. Accordingly, where the employer objects to the action by the employee against the third party, or does not affirmatively assent thereto on the record, the third party may assert as a complete defense to an action by the employee the transfer of the employee's claim to the employer by operation of the Act, since otherwise he would still be subject to a like claim by the employer. Where, however, as in the case at bar, the employer, for whose protection Section 33 of the Act was adopted, has, by executing an assignment of the claim to the injured employee, disclaimed the right thus given to it by that section, the third party tortfeasor cannot rely upon the Act as a defense to a libel by the employee. Compare The Kokusai Kisen Kabushiki Kaisha, D.C., 44 F.2d 659, in which it was held that a third party alleged to be responsible for injuries sustained by a longshoreman was subject to suit by an insurance company as assignee of the claim acquired by his employer as a result of paying compensation under the Longshoremen's and Harbor Workers' Act.

■ The remaining question is that of damages. Libellant's principal injuries

900

were a fracture of the left elbow and injury to the left side of his pelvis. It is undisputed that libellant was unable to work for approximately three months after the accident, during the first month of which he was confined to a hospital. His testimony was that at the time of the accident he had been earning approximately $45 a week. Libellant also asserts a claim for permanent disability by reason of a limitation of the industrial use of his left elbow allegedly as a result of this accident. His evidence to support this claim, however, was far from satisfactory and the medical testimony demonstrates clearly that the limitation of use of appellant's elbow is the result of an osteophyte which existed prior to the accident and was in no way related to the fracture. Accordingly, I find that libellant has failed to show that he has sustained any permanent disability as a result of the accident and I fix his damages at $1,250.