**FIRST NAT. BANK IN WEST UNION, W. VA., v. AMERICAN SURETY CO. OF NEW YORK.**

**No. 5330.**

Circuit Court of Appeals, Fourth Circuit.

April 2, 1945.

---

SAME v. BALLARD AERIE NO. 172 OF
FRATERNAL ORDER OF EAGLES.

No. 10686.

Circuit Court of Appeals, Ninth Circuit.

Feb. 16, 1945.

Samuel A. Powell, of Harrisville, W. Va., for appellant.

Walter Higgins, of New York City, and Robert R. Wilson, of Clarksburg, W. Va. (Royal F. Shepard, of New York City, on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is the second appeal in the case which was before us in American Surety Co. v. First Nat. Bank, 4 Cir., 141 F.2d 411, where the facts are fully stated in the opinion. After remand the court below denied the petition of the bank to be allowed to file a supplemental answer pleading statutes of limitations and thereupon entered judgment for the surety company in the sum of $4,050 with interest from April 26, 1938, the date on which the company made payment of that amount to the successor trustee in bankruptcy. The bank complains of the allowance of interest and of the refusal to permit the filing of the supplemental answer; but we think that action of the court below with respect to both these matters was correct. Interest was allowable for reasons adequately stated in the opinion of the District Judge. The one year statute of limitations of West Virginia was decided by the lower court, prior to the first appeal, to have no application to the cause of action here involved (D.C., 50 F.Supp. 180, 187); and no question of the correctness of that decision, which we think was undoubtedly correct, was raised on the appeal. It is clear, as pointed out by the court below, that neither section 11, sub. d, of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. d, nor the same section as amended by the Chandler Act, 52 Stat. 849, 11 U.S.C.A. § 29, sub. d, has any application. The court was correct, therefore, as a matter of law, in refusing to allow the filing of the supplemental answer, which was allowable only in the court's discretion in any event.

Affirmed.