**MAGEE v. McNANY.**
**Civ. No. 121.**

United States District Court
W. D. Pennsylvania.
Feb. 20, 1950.

Frank B. Quinn (of Quinn, Leemhuis, Plate & Dwyer), Erie, Pa., for plaintiff.

William F. Illig (of Gifford, Graham, MacDonald & Illig), Erie, Pa., for defendant.

Byron A. Baur (of Marsh, Spaeder, Baur & Spaeder), Erie, Pa., for Sinclair Refining Co.

Supplemental Opinion.

GOURLEY, District Judge.

Action was filed in this court for damages arising out of an automobile accident which occurred at Erie, Pennsylvania.

Plaintiff is a citizen and resident of the state of New York, and defendant is a citizen and resident in this district. The matter in controversy exceeds the amount of $3,000. Jurisdiction therefore exists. 28 U.S.C.A. § 41, Para. 1, now 28 U.S.C.A. Section 1332(a)(1).

The now familiar situation exists where the federal court applies state law, and takes its law from the authoritative decisions of the state where the tort occurs. We have here from all operative facts a Pennsylvania setting. In such cases Pennsylvania follows the general rule of referring to the place of wrong for the legal effect to be given the facts and events. Likewise, the application of Pennsylvania Conflict of Laws Rules determine whether a given question is to be characterized as substantive or procedural. Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 166 F.2d 908; Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Curtis v. Campbell, 3 Cir., 76 F.2d 84; Bagnel v. Springfield Sand & Tile Co., 1 Cir., 144 F.2d 65.

At the time of the accident the plaintiff was an employee of Sinclair Refining Company. As a result of the injuries sustained by the plaintiff, Sinclair became obligated to make payment of workmen's compensation on the basis of an award by the State Compensation Commission of New York.

The questions now before the court relate to three separate motions:

(a) Motion of the defendant for leave to file a supplemental answer.

(b) Motion of the defendant for judgment on the pleadings.

(c) Motion of Sinclair Refining Company for leave to intervene as party plaintiff.

### (A) Motion of the Defendant for Leave to File Supplemental Answer.

The accident occurred August 20, 1947, complaint was filed March 23, 1949, original answer was filed May 20, 1949, supplemental answer was presented September 7, 1949, and petition for leave to intervene was filed by Sinclair August 19, 1949.

It is contended the matters set forth in the supplemental answer, which was filed on September 7, 1949, did not come to the attention of the defendant until the petition for leave to intervene was filed by Sinclair. That is, the defendant had no previous knowledge that the plaintiff had been receiving workmen's compensation from Sinclair by virtue of the compensation laws in the state of New York until August 19, 1949.

Does the supplemental answer contain matters which relate to transactions, occurrences or events which have happened since the date when the original answer was filed on May 20, 1949? Said answer is set forth in Footnote One.[1]

Sinclair and the plaintiff contend that the matters referred to in the supplemental answer do not relate to transactions, occurrences or events which have happened since the date when the original answer was filed for the following reasons:

---

**1.** "Defendant's Supplemental answer

"(1) All averments and defenses filed by defendant by his original answer are included in and reiterated by this supplemental answer.

"(2) By petition for leave to intervene filed by Sinclair Oil Refining Company on August 1949, it is shown that plaintiff, Magee, requested and was granted workmen's compensation under the Workmen's Compensation Laws of the State of New York.

"(3) By the provisions of Section 29 of McKinney's Consolidated Laws of New York [c. 67], Workmen's Compensation Law, the failure of the plaintiff, Magee, to bring his action against defendant within one year after the cause of action accrued, has caused an assignment of all right, title and interest in said cause of action to Sinclair Oil Refining Company, the employer of said plaintiff.

"(4) Because of such assignment, plaintiff Magee has no capacity to sue in the present action, is not the real party in interest, and therefore the complaint fails to state a claim by plaintiff Magee against defendant upon which relief can be granted."

(a) Sinclair on February 28, 1949, by written notification informed the defendant, his liability insurance carrier, local counsel for the plaintiff, and New York counsel for plaintiff that workmen's compensation payments had been made by Sinclair to the plaintiff.

(b) That since the accident occurred on August 20, 1947, and the motion for leave to file a supplemental answer was not filed until September 7, 1949, said supplemental answer attempts to plead a defense after the running of the statute of limitations of two years.

Rule 15(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides as follows: "(d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

■ The filing of a supplemental answer is allowable only in the court's discretion. First National Bank in West Union, West Virginia v. American Surety Co. of N. Y., 4 Cir., 148 F.2d 654.

■ Fundamentally, a supplemental pleading is a mere addition or continuation of the original pleading. Such a pleading should not relate to matters of a different nature than set forth in the original pleading. Berssenbrugge et al. v. Luce Mfg. Co., D.C., 30 F.Supp. 101; Popovitch v. Kasperlik, D.C. 76 F.Supp. 233.

■ I am convinced that the matters set out in the supplemental pleading did not occur subsequent to the time when the original answer was filed on May 20, 1949. It would be an abuse of discretion to permit the pleading to be filed as a supplemental answer under the provisions of Rule 15(d) of the Federal Rules of Civil Procedure.

This action had been placed on the trial calendar at the time the petition for leave to file the supplemental pleading was filed on September 7, 1949.

Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, inter alia, that if an action has been placed upon the trial calendar, a party may amend his pleading only upon leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Consent has not been given to the filing of the supplemental answer, and it must, therefore, be resolved whether the court, in the exercise of its discretion, should permit the additional pleading to be filed as an amended answer.

Unquestionably the defense set out in the additional answer was within the knowledge of the defendant or some member of counsel concerned with representing his interests when the original answer was filed on May 20, 1949. It could not have been otherwise.

■ An amended pleading is designed to include matters occurring before the filing of the original pleading which have been overlooked or not known at the time the original pleading was filed. A supplemental pleading relates only to matters subsequently occurring but which pertain to the original question. Berssenbrugge et al. v. Luce Mfg. Co., supra.

As previously stated, the matters in the additional answer do not relate to events which occurred subsequent to the time when the original answer was filed. Furthermore, the matters do not relate to events which were not known when the original answer was filed. However, the allegations in the additional answer do relate to matters which were overlooked or disregarded by one member of counsel or the other, who were concerned with the presentment of the defense to the plaintiff's action.

■ Under the Federal Rules of Civil Procedure leave should be freely given to amend pleadings when justice so requires. Rule 15(a) of the Federal Rules of Civil Procedure; Darcy v. North Atlantic & Gulf S.S. Co., Inc., D.C., 78 F.Supp. 662.

■ The defense which is set forth in the additional answer could not be considered frivolous in nature. The problem pre-

sented requires most careful and thorough consideration to make possible a fair and just disposition of the plaintiff's claim. It appears to me proper, in the interests of justice, to permit the amendment.

Leave is granted the defendant to file the additional pleading as an amended answer.

### (B) Motion of the Defendant for Judgment on the Pleadings

The defendant contends:

(1) That the plaintiff entered into a contract of employment with Sinclair in the state of New York.

(2) That under the law of the state of New York the provisions of the Workmen's Compensation Act relative to contracts of employment become incorporated and are a part thereof.

(3) That in the application of the law of New York, by the failure of the plaintiff to comply with the provisions of the New York Compensation Act, he is not the real party in interest and, therefore, has no right to recover.

The plaintiff contends:

(1) That a cause of action exists in favor of the plaintiff and against the defendant under the law of Pennsylvania whether consideration is given to substantive or procedural law.

(2) That to apply the law of New York, the place of the contract of employment, would be affording New York extra territorial legislative jurisdiction.

Our question resolves itself into the legal effect to be given the New York Compensation Act by this federal court sitting in Pennsylvania and trying a tort action which arose in Pennsylvania. Suit was instituted after the plaintiff had accepted compensation under the New York Act.

The relative provisions of the New York Compensation Act are:

(a) An employee injured by the negligent act of a third person, not in the same employ, need not elect to take compensation or pursue his remedy against the third person.

(b) An employee may take compensation and at any time prior thereto or within six months after the awarding of compensation may pursue his remedy against the third person.

(c) In all events the employee must institute action against the third person within one year from the date such action accrues.

(d) If action is filed by the employee in the above manner, the employer shall have a lien on the proceeds of any recovery or settlement for compensation paid.

(e) The employee shall give notice of the commencement of the action against the third person to the Compensation Commissioner and the employer within thirty days after filing.

(f) If the employee has taken compensation but has failed to institute suit against the third person as provided in the Act, such failure operates as an assignment of the cause of action to the employer. For exact and detailed provisions of New York Workmen's Compensation Act see Section 29 of said Act. Consolidated Laws N.Y. Chapter 67.

It is not disputed that the plaintiff failed and neglected to comply with the provisions of the New York compensation law as to the institution of suit against the defendant in this action.

Without any additional facts, if the law of New York should be applied, the employer as a self-insured compensation carrier would be the legal owner of the cause of action. Nelson v. Buffalo-Niagara Elec. Corp., 264 App.Div. 941, 36 N.Y.S.2d 205; Waite Nursery & Development Co. v. Just, 266 N.Y. 496, 195 N.E. 169; Calagna v. Sheppard-Pollak, Inc., 264 App.Div. 589, 35 N.Y.S.2d 934, 937, appeal dismissed 289 N.Y. 753, 46 N.E.2d 355; United States v. Aetna Casualty & Surety Co., 70 S.Ct. 207.

However, prior to the institution of this action, Sinclair Refining Company authorized in writing counsel for the plaintiff to institute and prosecute the right to recover damages against the defendant.

The provisions of the Longshoremen's Compensation Act, 33 U.S.C.A. § 901 et

seq., are somewhat similar to the New York Workmen's Compensation Act. In actions under the Longshoremen's Act the employee is absolutely precluded from maintaining an action for injuries against a third person since where compensation payments are received, the right to recover becomes assigned as a matter of law by the provisions of the act to the employer. The Nako Maru, 3 Cir., 101 F.2d 716.

Under the provisions of the Longshoremen's Compensation Act where an employer assigns to the injured employee the claim against a third party tort-feasor, in consideration of the return to the employer of compensation payments made by the employer to the employee, the third party tort-feasor cannot set up as a defense the provisions of said Act. The Owen, D.C., 43 F.Supp. 897.

■ It is, therefore, my judgment that if an employer who pays compensation under the Longshoremen's Compensation Act can reassign, or give to the employee the right and authority to proceed with an action against a third party tort-feasor, similar authority should exist on the part of an employer under the Compensation Act of New York to waive, give or reassign to an employee the right to proceed against a third party tort-feasor.

Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that every action must be prosecuted in the name of the real party in interest.

■ If the law of New York does have application, it is well established that an assignment of a chose in action constitutes the assignee, the proper party in interest to sue, even though the instrument of the assignment itself recites that the transfer is merely for purposes of suit and obligates the assignee to account for the proceeds to another person. Heitzmann v. Willys-Overland Motors, D.C., 68 F.Supp. 873.

There is no existing federal law or rule which provides that under facts and circumstances similar to those which exist in this case, that a plaintiff injured as a result of a tortious act of another in Pennsylvania is not the real party in interest.

Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that the capacity of an individual, other than one acting in a representative capacity, to sue or be sued should be determined by the law of his domicile.

It is not disputed that the domicile of the plaintiff at the time of the accident, and when the action was instituted, was in the state of New York.

■ A plaintiff's "legal capacity to sue" is to be distinguished from his possession of a "cause of action." They are quite different things. The law recognizes "capacity to sue" as the plaintiff's personal right to come into court, and his "cause of action" as his right to relief under the facts of the case he brings. United States v. Association of American Railroads, D. C., 4 F.R.D. 510; Moore's Federal Practice, 2d Edition, Volume 3, page 1380; Words and Phrases, Volume 6, Permanent Edition, Capacity to Sue.

■ I can find no existing law in the state of New York which would interfere with the plaintiff's personal right to come into a federal court sitting in Pennsylvania to recover on a cause of action which arose in Pennsylvania. This understood, there is no question of the plaintiff's capacity to sue the defendant in this action.

The rules of law which relate to rights under contract being governed by the place of contract have been fully and carefully considered by the court. Restatement, Conflict of Laws, Section 348; Levy v. Levy, 78 Pa. 507, 21 Am.St.Rep. 35; Newspaper Readers' Service v. Canonsburg Pottery Co., 3 Cir., 146 F.2d 963.

The plaintiff's cause of action against the defendant was incidental to his employment with Sinclair, but contract law has no application to the adjudication of plaintiff's rights against the defendant.

■ We are dealing with a right to recover derived, not from the United States, but from one of the states. When, because the plaintiff happens to be a nonresident, such a right is enforceable in a federal as well as in a state court, the forms and mode of enforcing the right may at times, naturally enough, vary be-

cause the two judicial systems are not identic. A federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the state. The federal court cannot deny recovery where a right is given under the law of the state where a tort occurs. Where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in federal court should be substantially the same, so far as the legal rules determine the outcome of a litigation, as it would be if tried in a state court.

Certainly, the fortuitous circumstance of residence out of a state of one of the parties to a litigation ought not to give rise to a discrimination against others equally concerned but locally resident. The source of substantive rights enforced by a federal court under diversity jurisdiction, it cannot be said too often, is the law of the States. Guaranty Trust Co. v. York, 326 U.S. 99, 112, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231.

A foreign law or a statute of another state will not be enforced in the courts of a state where a cause of action in tort arises under the doctrine of comity, where the law of the foreign state is contrary to the public policy of the state where the cause of action arises. Gray v. Blight, 10 Cir., 112 F.2d 696, 21 C.J.S., Courts, § 545.

What is public policy? It has been defined in Pennsylvania—"public policy" means the public good. Anything that tends clearly to injure the public health, the public morals, the public confidence in the purity of the administration of the law, or to undermine that sense of security for individual rights, whether of personal liberty or of private property, which any citizen ought to feel is against public policy. Goodyear v. Brown, 155 Pa. 514, 518, 26 A. 665, 20 L.R.A. 838, 35 Am.St.Rep. 903.

I believe it would be against the public policy of Pennsylvania to not recognize the right of a citizen of some other state to institute a claim on a cause of action which arose in Pennsylvania.

The nature of the federal union of states, to which are reserved some of the attributes of sovereignty, precludes resort to the full faith and credit clause as a means for compelling a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate. Pacific Employers Ins. Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940; Bagnel v. Springfield Sand & Tile Co., supra.

There is nothing in the law of comity among states or public policy which requires Pennsylvania to give effect to the laws of New York, in derogation of its own laws, in respect to the rights of a person to recover damages growing out of a tort which arose in Pennsylvania. Pennsylvania is free to fix by statute the substantive and remedial rights of a person injured by a tort in Pennsylvania, whether a resident or a non-resident, concerning redress for such a wrong. The statute in the state of New York has no controlling application in this proceeding. W. W. Clyde & Co. v. Dyess, 10 Cir., 126 F.2d 719; Traglio v. Harris, 9 Cir., 104 F.2d 439, 127 A.L.R. 803.

Unless Congress directs that extra territorial effect should be given a law of another state, under circumstances such as exist in the instant case, or until the legislature in Pennsylvania sees fit to change the rule as enunciated by the Supreme Court of Pennsylvania, full faith and credit is not required to be given to the statute of another state where said statute is obnoxious or in contravention of the policy in this state.

This question has been considered by the American Law Institute. The original rule provided: "If a cause of action in tort * * * either against the employer or against a third person has been abolished by a Workmen's Compensation Act of the place where the contract of employment was made, or of the place of the wrong, no action can be maintained for such tort or wrongful death in any state." Restatement, Conflict of Laws, Section 401, page 488.

However, in the supplement to the Restatement of the Law said rule was modified and changed to provide: "If a cause of action in tort * * * either against the employer or against a third person has been abolished by a Workmen's Compensation Act of the place of wrong, no action can be maintained for such tort or wrongful death in any state." Restatement of the Law, 1948 Supplement, Conflict of Laws, Section 401, page 151.

The compensation law of Pennsylvania provides, inter alia, where the compensable injury is caused in whole or in part by the act of a third person, the employer shall be subrogated to the right of the employee, against such third person for the balance of any sum recovered in litigation, after subtraction, but only to the extent of the compensation payable by the employer; any excess recovery shall be paid to the employee. 77 Pa. Purdon's Statutes Annotated, § 671.

■■■ A workmen's compensation statute relating to the employer's right of subrogation to the employee's cause of action against a third party tort-feasor is not intended as a shield for such tortfeasor and his only concern is to be protected against double suit. As a result thereof, where the compensation insurer waives the right to sue a third party tort-feasor, the injured employee may maintain the suit. Jay v. Chicago Bridge & Iron Co., 10 Cir., 150 F.2d 247.

Any judgment rendered in this proceeding will protect the defendant against a subsequent suit by Sinclair to recover damages for the same wrong and that is the extent of the protection to which the defendant is entitled. Jay v. Chicago Bridge & Iron Co., supra.

■■■ Furthermore in Pennsylvania a right of action to recover damages for personal injuries sustained as a result of the tort of another is not subject to assignment before judgment. The claim is at most one for unliquidated damages. In the absence of a statute modifying the general rule, a tort action is not capable of assignment before judgment. In view of the foregoing, all assignments in Pennsylvania are void since an assignor does not

have either actually or potentially the things which he intends to assign. A man cannot grant or change that which he has not. Manganielle et al. v. Lewis, 122 Pa. Super. 435, 186 A. 218; Marsh v. Western New York & Pa. Ry. Co., 204 Pa. 229, 53 A. 1001; Sensenig v. Pennsylvania R. Co., 229 Pa. 168, 171, 78 A. 91; Patten v. Wilson, 34 Pa. 299; Shambach v. Middlecreek Electric Co., 232 Pa. 641, 81 A. 802; Sniderman et al. v. Nerone et al., 136 Pa. Super. 381, 7 A.2d 496, affirmed 336 Pa. 305; Tugboat Indian Co. v. A/S Ivarans Rederi et al., 334 Pa. 15, 18, 5 A.2d 153.

■■■ In view of the foregoing, the motion of the defendant for judgment on the pleadings should be refused.

(C) Motion of Sinclair Refining Company for Leave to Intervene as Party Plaintiff.

Sinclair claims the right to intervene as party plaintiff for the following reasons:

(1) Plaintiff was an employee of Sinclair at the time of his injuries on August 20, 1947.

(2) Prior to the institution of plaintiff's claim against the defendant, the compensation authorities in New York ordered Sinclair to make compensation payments and medical expenses to the plaintiff.

(3) Sinclair authorized the plaintiff in writing to institute the cause of action against the defendant.

(4) Sinclair assigned to the plaintiff any rights or privileges given to it by the laws of New York.

(5) Sinclair is entitled to a lien for compensation payments made by it to the plaintiff against any judgment or settlement entered in favor of the plaintiff and against the defendant.

(6) Since the statute of limitations has expired, Sinclair cannot institute action against the defendant.

(7) In view of the above matters, the defendant cannot be subjected to double liability.

The petition for leave to intervene was filed August 19, 1949. The accident occurred August 20, 1947. The statute of

**14**

limitations is two years and the petition is therefore timely.

■ An injured party may bring only one action against a wrongdoer for damages arising out of tort. The right of the employer or the insurance carrier to subrogation as against the wrongdoer must be worked out through an action brought in the name of the injured employee, either by joining the employer or insurance carrier as a party plaintiff or as a use plaintiff. Moltz, to Use of Royal Indemnity Co. v. Sherwood Bros., Inc., 116 Pa.Super. 231, 176 A. 842.

■ Where an employee's insurance carrier in the Commonwealth of Pennsylvania makes payment for workmen's compensation due to an employee being injured by a third person, the insurance carrier becomes subrogated to the rights of the employee for the amount of compensation paid in the action against a third person. Globe Indemnity Co. v. Liberty Mut. Ins. Co., 3 Cir., 138 F.2d 180; Smith v. Yellow Cab Co., 288 Pa. 85, 135 A. 858; Smith et al. v. Altoona & Logan Valley Elec. Co., 41 Pa.Dist. & Co. 165.

■ It is now an almost universal rule that a court may allow persons other than those before the court to come in or be brought in as parties, to the end that substantial justice may be done. 20 R.C.L. page 694.

Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, inter alia, upon timely application any one shall be permitted to intervene in an action when the applicant is so situated as to be adversely affected by a distribution or other disposition which is in the custody or subject to the control or disposition of the court.

Rule 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, inter alia, upon timely application anyone may be permitted to intervene in an action when an applicant's claim and the main action have a question of law or fact in common.

■ Intervention is the admission by leave of court of a person not an original party into the proceeding by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by the proceeding. In re Willacy County Water Control & Improvement District, D.C., 36 F.Supp. 36; Salem Engineering Co. v. National Supply Co., D.C., 75 F.Supp. 993.

■ Whether consideration is given to Pennsylvania law or the Federal Rules of Civil Procedure, the leave to intervene should be granted. It will be so ordered.