**Srecko BARULEC, Plaintiff,**

v.

**Ove SKOU R.A., Defendant.**

No. 78 Civ. 786.

United States District Court,
S. D. New York.

May 31, 1979.

LASKER, District Judge.

The plaintiff, Srecko Barulec, a longshoreman, was injured on January 6, 1975, while assisting in the discharge of the M/S Mette Skou, owned by the defendant, Ove Skou R.A. Barulec received workmen's compensation from his employer until March 14th, when the employer determined that Barulec had fully recovered from his injuries. On March 25, 1975, Barulec filed a claim for additional compensation under the Longshoremen's and Harbor Workers' Compensation Act (OWHCA), 33 U.S.C. §§ 901–950, with the Office of Workmen's Compensation Programs (OWCP). Pursuant to the regulations implementing the LWHCA, a claims examiner convened an informal conference. *See* 20 C.F.R. §§ 702.311–.314 (1976). At the conference, Barulec and his employer reached an agreement settling Barulec's claim, and the agreement was memorialized in a "Memorandum of Informal Conference" prepared and signed by the claims examiner.

A year later, on February 22, 1978, Barulec commenced this action against the shipowner, alleging that his injuries were caused by the shipowner's negligence, and seeking damages.

■ The shipowner moves to amend its answer to assert as a defense that any claim that Barulec may have had against it has been assigned to his employer pursuant to section 33(b) of the LHWCA, 33 U.S.C. § 933(b), because Barulec filed suit more than six months after accepting compensation "under an award in a compensation order filed by the deputy commissioner."[1] *Id.* Since leave to amend pleadings "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and shipowner's counsel filed this motion eleven days after receiving the records of Barulec's compensation proceedings which provide the basis for the new defense sought to be asserted, the motion for leave to amend the answer is granted.

Zimmerman & Zimmerman, New York City, for plaintiff; Morris Cizner, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant; Richard K. Matanle, II, John Toriello, New York City, of counsel.

---

1. "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or [Benefits Review] Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award."

33 U.S.C. § 933(b).

In the event leave is granted, the shipowner moves for summary judgment dismissing the complaint on the merits of the newly asserted defense. Barulec counters that even if the shipowner is permitted to interpose a defense of assignment, the assignment may not be effective in this case under the rule of *Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956).

Under the LHWCA as originally enacted in 1927,[2] an injured employee who accepted workmen's compensation from his employer lost his right to sue third parties, which was assigned by operation of law to his employer. In 1938 the Act was amended to provide that the employee's right to sue is assigned to his employer only when the employee accepts compensation "under an award in a compensation order filed by the deputy commissioner or [Benefits Review] Board." Act of June 25, 1938, ch. 685, § 12, 52 Stat. 1164.[3]

> "As a result of the amendment there must now be some official action by the Deputy Commissioner establishing an award of compensation in order to make such acceptance an assignment of the employee's cause of action against a third party."

*Grasso v. Lorentzen*, 149 F.2d 127, 128–29 (2d Cir.), *cert. denied*, 326 U.S. 743, 66 S.Ct. 57, 90 L.Ed. 444 (1945). The shipowner contends that the intercession of the Office of Workmen's Compensation Programs, and the preparation of a "Memorandum of Informal Conference" embodying the terms of the settlement reached following that intercession, constitute sufficient "official action by the Deputy Commissioner" to amount to an award in a compensation order and consequently to establish an assignment of Barulec's claims, barring him from maintaining this action in his own name.

■ Because the regulations implementing the LHWCA stress informal resolution

of compensation disputes, *see* 20 C.F.R. § 702.301, and the practical effect of an award does not always depend on the issuance of a formal compensation order, *see id.* § 702.315(a), the OWCP often does not in fact issue such orders, *see Intercounty Construction Corp. v. Walter*, 422 U.S. 1, 4–5 & 4 n.4, 95 S.Ct. 2016, 44 L.Ed.2d 643 (1975), even though the LHWCA contemplates, 33 U.S.C. § 919(c), and the regulations effective at the time Barulec's claim was processed require, 20 C.F.R. §§ 702.315(a), .348 (1976),[4] that every claim submitted to the OWCP culminate in a formal order rejecting the claim or making an award on it. However, the absence of a formal order does not bar an assignment of an employee's claim under section 33(b). It has long been the law that informal official action, "equivalent to an order," suffices to trigger an assignment. *Toomey v. Waterman S.S. Corp.*, 123 F.2d 718, 721 (2d Cir. 1941); *accord, Liberty Mutual Insurance Co. v. Ameta & Co.*, 564 F.2d 1097, 1102–03 (4th Cir. 1977); *Grasso v. Lorentzen*, 149 F.2d 127, 129 (2d Cir.), *cert. denied*, 326 U.S. 743, 66 S.Ct. 57, 90 L.Ed. 444 (1945); *Rodriguez v. Compass Shipping Co.*, 456 F.Supp. 1014, 1020 (S.D.N.Y.1978); *Hernandez v. Costa Armatori, S.P.A., "Pia Costa,"* 467 F.Supp. 1064 at 1065–1066 (E.D.N.Y.1979).

The question, then, is whether the actions of the OWCP relating to Barulec's claim were "equivalent to an order" establishing an award of compensation. Barulec argues that they were not, because the deputy commissioner himself took no part in, and in no way ratified, those actions. Several early cases, which held that only action by the deputy commissioner himself can amount to a compensation order (formal or informal), support his argument. *E. g., Grasso v. Lorentzen*, 56 F.Supp. 51, 54 (S.D.N.Y.1944), *aff'd*, 149 F.2d 127 (2d Cir.), *cert. denied*, 326 U.S. 743, 66 S.Ct. 57, 90 L.Ed. 444 (1945); *Sessa v. Weeks Stevedoring Co.*,

---

**2.** Longshoremen's and Harbor Workers' Compensation Act, ch. 509, § 33, 44 Stat. 1424 (1927).

**3.** Section 33(b) was amended again in 1959 to allow the employee to sue third parties within

six months of an award. Act of August 18, 1959, Pub.L. No. 86–171, 73 Stat. 391.

**4.** The regulations were amended in 1977. 42 Fed.Reg. 45,303 (September 9, 1977).

56 F.Supp. 50, 51 (S.D.N.Y.1943); *see Lumber Mutual Casualty Insurance Co. v. Locke,* 60 F.2d 35, 37 (2d Cir. 1932). For instance, in *Sessa v. Weeks Stevedoring Co., supra,* on facts nearly identical to those of the present case, the court held that an employee's right to sue third parties was not assigned under section 33(b) where a conference was held before a claims examiner and the disposition of the employee's claims at the conference recorded in a "Memorandum of Conference" prepared by the claims examiner. The court stated that "the determination or award, even though informal in character, [was] made by a claims examiner and there seems to be no authority in the statute for the award made by claims examiners." 56 F.Supp. at 51.

■ However, *Sessa* and the other cases relied on by Barulec were premised on outdated administrative practice. Modern practice, as indicated below, authorizes considerably greater delegation of authority than was permissible at the time those cases were decided. *See Rodriguez v. Compass Shipping Co.,* 456 F.Supp. 1014, 1019 (S.D.N.Y.1978); 1 K. Davis, Administrative Law Treatise § 3:17 (2d ed. 1978). The OWCP has formally adopted procedures for processing compensation claims that provide for the delegation of many of the deputy commissioner's statutory functions to others in the agency. The regulations in effect when Barulec's claim was processed provide:

> "Informal conferences shall be called by the deputy commissioner or his designee assigned or reassigned the case and held before that same person, unless such person is absent or unavailable. When so assigned the designee shall perform the duties set forth below assigned to the deputy commissioner."

20 C.F.R. § 702.312 (1976). Among the duties "set forth below" is that of preparing compensation orders when claims are settled at the conference.

> "Following an informal conference at which agreement is reached on all issues, the deputy commissioner shall embody the agreement in a formal compensation order. . . ."

*Id.* § 702.315. Whatever may have been the regulatory scheme when *Sessa* was decided, the regulations applicable to this case clearly authorize the claims examiner to make an award of compensation based on a settlement reached at an informal conference.

■ Barulec argues, however, that these regulations are invalid, because the functions of the deputy commissioner that they purport to delegate are discretionary, and cannot be delegated. He bases this argument on section 8(i)(A) of the LHWCA, which provides:

> "Whenever the deputy commissioner determines that it is for the best interest of an injured employee entitled to compensation, he may approve agreed settlements of the interested parties, discharging the liability of the employer for such compensation, notwithstanding the provisions of section 915(b) and section 916 of this title . . . ."

33 U.S.C. § 908(i)(A). It is Barulec's position that the deputy commissioner's duty to determine whether a settlement is "for the best interest" of the employee is a personal one that cannot be validly assigned to another.

However, we conclude that section 8(i)(A) relates only to settlements reached by the parties independently, and not to settlements worked out at an informal conference, such as that involved here. From its context, it is clear that the purpose of section 8(i)(A) is to permit the deputy commissioner to approve settlements that would otherwise be outlawed by sections 15(b) and 16 of the LHWCA, which invalidate agreements by an employee to waive his right to compensation, 33 U.S.C. § 915(b), and "assignment, release, or commutation of compensation," *id.* § 916. This is the interpretation adopted by the OWCP and reflected in the implementing regulations. *Compare* 20 C.F.R. § 702.241 (1976) *with id.* §§ 702.-311–.316.

■ The deputy commissioner's authority to award compensation based on a settlement reached at a conference arranged by

the OWCP can reasonably be construed to be included under his general authority to "make *or cause to be made* such investigations as he considers necessary in respect of [a] claim. . . . [If no hearing is requested,] the deputy commissioner shall, by order, reject the claim or make an award in respect of the claim." 33 U.S.C. § 919(c) (emphasis supplied). This provision expressly authorizes the deputy commissioner to delegate the function of investigating claims, and the regulations quoted above reflect that authorization. Nothing about the duties delegated suggests that they can or may be performed only by the deputy commissioner himself. An informal conference is the first stage of the OWCP's investigation "in respect of" a claim, a step designed to resolve "misunderstandings, clerical or mechanical errors, or mistakes of fact or law," 20 C.F.R. § 702.301 (1976), and to provide the parties an opportunity to amicably settle their dispute, *id.* § 702.315. The agency official who presides at such a conference may be called on to exercise good sense, tact, and diplomacy, but he is neither required nor authorized to impose a solution on the parties: if they do not reach a settlement at the conference, he can recommend one, but if they do not accept his recommendation the case is referred to an administrative law judge for a formal hearing. *Id.* § 702.316. Since the deputy commissioner's function at the conference does not involve a unilateral resolution of the merits of the dispute binding on the parties over their objection, it appears reasonable to conclude that his authority is delegable.[5] Such delegation cannot prejudice any party and yet decidedly facilitates operation of the system.

█ In sum, the OWCP processed Barulec's claim in accordance with its regular procedures, ánd duly confirmed a settlement which those procedures were designed to facilitate. The agency took official action with regard to the claim, and, as a consequence of that action, an informal award was made disposing of the claim. This is enough to trigger an assignment of the employee's right to sue third parties under section 33(b).

Barulec argues, however, that even if the agency action relating to his claim is sufficient to trigger an assignment of his right to sue third parties, no such assignment should be recognized here because this case falls within the exception to the mandate of section 33(b) carved out by *Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956), which allows an employee to sue in his own name when there is a conflict between the employer/assignee's interest and the employee/assignor's interest. We have discussed at length the arguments that Barulec makes on this point in a recent case and conclúded that although the "conflict of interest" exception is still viable, "the employee bears the burden of showing that his employer's interests conflict with his own, and that out of self interest his employer will not properly press the claim." *Perez v. Arya National Shipping Line, Ltd.*, 468 F.Supp. 799, 801 (S.D.N.Y.1979). Barulec has made no such showing, but, as in *Perez*, Barulec is granted forty-five days from the filing of this memorandum within which to submit competent evidence establishing that a conflict of interest exists.

For the reasons stated, the defendant's motion for leave to amend the answer is granted, and the defendant's motion for summary judgment dismissing this action is denied, without prejudice to a renewed motion to dismiss after forty-five days.

It is so ordered.

---

5. Nothing in *Intercounty Construction Corp. v. Walter*, 422 U.S. 1, 95 S.Ct. 2016, 44 L.Ed.2d 643 (1975), suggests the contrary.