## SESSA v. WEEKS STEVEDORING CO., Inc.

District Court, S. D. New York.

June 4, 1943.

Benjamin Green, of New York City (Jacob Rassner, of New York City, of counsel), for plaintiff.

Duncan & Mount, of New York City (Roger Carroll, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

There has been interposed as a defense that an award was made herein pursuant to Section 933(b) of the Navigation and Navigable Waters Act, being Longshoremen's and Harbor Workers' Compensation Act, § 33, Title 33, Section 933 U.S.C.A., and that plaintiff was paid such award and that the award, therefore, under this Section 933 is a bar to this action.

Section 933(b) provides:

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

Under this section, if an award was made and compensation paid thereunder, such would operate as an assignment to the employer of all rights of the person entitled to compensation to recover damages against third persons.

It will be noted that Section 933(b) requires that the award in the compensation order be made by the Deputy Commissioner.

In the Circuit Court of Appeals for this circuit, in the case of Toomey v. Waterman S. S. Corporation, 123 F.2d 718, it was held that the requirements of this section are met if the Deputy Commissioner makes a note in his records of the disposition that he has made of the plaintiff's claim for compensation, and that, under these circumstances, though the act was informal, it was equivalent to an order and satisfied the provisions of the amendment.

In this instance, the defendant has offered in evidence a paper received from the United States Employees' Compensation Commission dated November 3, 1942, being defendant's Exhibit A, and it reads as follows:

"Case No. 65—127

"November 3, 1942

"Memorandum of Conference

"Re Catina Sessa v. Northern Dock Company

"Date of Conference: November 2, 1942

"Appearances: Claimant present. Mr. Markey for Travelers Insurance Co.

"Issue: Extent of disability.

"Claimant herein alleges that on March 16, 1942, while employed as a longshoreman loading the S. S. Ocean Vanguard which was afloat in New York Harbor, Brooklyn, N. Y., he was struck on the back of the head by a 4" x 4" piece of lumber which snapped from a draft of steel plate as the same was being lowered and fell, which resulted in contusion of the scalp and fracture of the left wrist. As a result of the injuries sustained, claimant was wholly disabled for 15 weeks from March 16 to June 28, 1942, inclusive, for which he has already received compensation at $20 a week in the sum of $300.

"Results of Conference: After due consideration, the action taken was to close this case, subject to the limitations of the Act, with payment on the basis of 5% loss of use of the left hand, which entitles the claimant to an additional payment of 10.6 weeks' compensation at $20 a week in the sum of $212.

"s/John A. Weltony

"W:Y      Claims Examiner

"c.c. to claimant and carrier"

The question presented for consideration is whether or not the determination by a claims examiner of the United States Employees' Compensation Commission will bar a recovery under Section 933 (b) of the Navigation and Navigable Waters Act. As this section bars an action if an award in compensation to a plaintiff is filed, it should be strictly construed against the employer. The language seems plain that the award must be made by a Deputy Commissioner. Here the determination or award, even though informal in character, is made by a claims examiner and there seems to be no authority in the statute for the award made by claims examiners.

As has been stated, the statute plainly states that it must be made by a Deputy Commissioner. The defense is, therefore, insufficient, and the answer setting forth this defense will be stricken out.