Vincent DI SOMMA, Plaintiff,

v.

N.V. KONINKLYKE NEDERLANDSCHE STOOMBOOT, Defendant.

United States District Court
S. D. New York.
Oct. 19, 1960.

DiCostanzo & Klonsky, Brooklyn, N. Y., for plaintiff. Philip F. DiCostanzo, Brooklyn, N. Y., of counsel.

George J. Conway, New York City, for defendant. Conrad P. Sheehan, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff, a longshoreman, sues to recover for personal injuries alleged to have been sustained aboard defendant's vessel while he was loading cargo in the employ of stevedores. He claims negligence of defendant and unseaworthiness of the vessel. Defendant has answered denying liability and alleging in bar the assignment of plaintiff's claim by operation of law under the Longshoremen's & Harbor Workers' Compensation Act (33 U.S.C.A. § 933(b)), and the pendency of another action on the same claim brought by his employer's insurer as assignee.

Defendant now moves, pursuant to Rule 12(c), F.R.Civ.P., 28 U.S.C.A., for judgment on the pleadings on the ground that the pendency of the insurer's suit bars this action and that in any event the plaintiff is barred from prosecuting this action because his claim was assigned by operation of law. Since various facts have been supplied by affidavit the motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56". Rule 12(c). The facts are not in dispute.

On May 4, 1957 plaintiff, employed as a longshoreman by Maude James, Inc., stevedores, was loading cargo aboard the M/S Hera owned by defendant. He was injured during the course of his employment when cargo is alleged to have toppled over and fallen on him. He filed a claim for compensation benefits for his injury under the Longshoremen's and Harbor Workers'

Compensation Act, 33 U.S.C.A. § 901 et seq., and was granted and accepted an award. The sum of $3,175.20 in benefits was duly paid to him by Michigan Mutual Liability Co., the compensation insurer of Maude James, plaintiff's employer.

Under 33 U.S.C.A. § 933(b) the acceptance of such compensation by Di Somma operated as an assignment to his employer, Maude James, of his rights to recover damages against a third person. Under 33 U.S.C.A. § 933(i) Michigan Mutual, the insurance carrier was subrogated to the rights of Maude James.

On April 2, 1959 Michigan Mutual, suing on its own behalf and on behalf of and as assignee of Di Somma and another seaman to whom it had paid compensation, brought an action in this court against Royal Netherlands Steamship Company, the general agent of the defendant in the present action. It alleged that Royal Netherlands was the owner of and controlled and operated the vessel on which plaintiff was injured and sought to recover $35,000 on Di Somma's claim for the personal injuries on which it had paid compensation and medical expenses which it had paid for him of $471. It alleged that the accident was caused by the negligence of Royal Netherlands, the alleged shipowner, and the unseaworthiness of the vessel. That action will be referred to as Action No. 1.

About a month later, on May 12, 1959, plaintiff brought this action for $75,000 on the same personal injury claim against the defendant here as the owner of the vessel on which he was injured, making the same allegations as to fault. This will be referred to as Action No. 2.

■ Under the Longshoremen's and Harbor Workers' Act, if a person entitled to compensation determines that someone other than his employer is liable in damages, he may, by giving appropriate notice, elect either to receive such compensation or to recover damages against the third person. 33 U.S.C.A. § 933(a). Acceptance of compensation under an award operates as an assignment to the employer of "all right of the person entitled to compensation to recover damages against such third person". 33 U.S.C.A. § 933(b). The employer may then institute proceedings on the claim or compromise it. § 933(d). Any recovery is apportioned between the employer assignee and the employee whose right of action it originally was. The employer receives an amount equal to the expenses incurred in enforcing the right, expenses for medical care and any amounts paid and payable as compensation. The employee is entitled to any balance remaining. 33 U.S.C.A. § 933 (e). Where the employer is insured his insurance carrier is subrogated to all of the employer's rights. 33 U.S.C.A. § 933(i).

If the language of the statute is taken literally it would provide an absolute defense to a third party in a damage suit brought directly by an injured longshoreman who has accepted compensation and has not obtained a reassignment of his cause of action. However, the act is not to be interpreted literally, and in certain circumstances the injured longshoreman may bring an action against a third party in his own name despite his acceptance of compensation.

■ In Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387, Czaplicki, a longshoreman, had accepted a compensation award paid by his employer's insurance carrier for injuries which he had sustained when steps on the vessel on which he was working collapsed. The steps had been erected by an independent contractor who was insured by the very insurance carrier which had insured Czaplicki's employer. The insurance carrier, the statutory assignee of Czaplicki's claim, had failed to bring suit on his behalf.

It was held that under these circumstances the statute should be construed so as to allow Czaplicki to enforce in his own name the rights of action which were his originally and that he was not barred from so doing by the acceptance of compensation. Mr. Justice Harlan said, (351 U.S. at page 531, 76 S.Ct. at page 950):

"In giving the assignee exclusive control over the right of action, however, we think that the statute presupposes that the assignee's interests will not be in conflict with those of the employee and that through action of the assignee the employee will obtain his share of the proceeds of the right of action, if there is a recovery. Here, where there is such a conflict of interests, the inaction of the assignee operates to defeat the employee's interest in any possible recovery. Since an action by Travelers [the insurer] would, in effect, be an action against itself, Czaplicki is the only person with sufficient adverse interest to bring suit. In this circumstance, we think the statute should be construed to allow Czaplicki to enforce, in his own name the rights of action that were his originally."

Only six months before the Czaplicki case was decided the Supreme Court had held in Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, that, despite the absence of an express indemnity agreement, a shipowner sued by a longshoreman injured aboard his vessel had an action over against the stevedore who had employed the longshoreman if the injury sued upon resulted from fault of the stevedore.

Mr. Justice Black dissented on the ground that the effect of the holding was to render ineffective the provisions of the Longshoremen's & Harbor Workers' Compensation Act concerning the statutory assignment of claims of employees who accepted compensation, and to emasculate rights granted by the Act to the employer. Concerning the effect of the majority holding on suits brought by an employer assignee under the Act against a third party, he said (350 U.S. 145, 76 S.Ct. 243):

"The actual effect of the Court's holding is this: The employer as an assignee of an employee's claim will know that if he wins a law suit he loses a law suit. This knowledge will not give him a yearning anxiety to file suit. Even though he yields to the call of duty and files the law suit, he might not be exceedingly anxious to write a good complaint. His other pleadings might not be all that a zealous lawyer would desire. Although the employer must pay the judgment, his will be the opening argument to the jury. And when the last word is said in the closing argument, it will be made by counsel who knows that if he persuades the jury to give his client a verdict his client will have to pay it. Counsel will also know that if he happens to lose the case his cleint will be the winner."

It was concern about the adverse effect of such a conflict on the interests of the injured employee "in his right of action even after it has been assigned" which led the court in the Czaplicki case to uphold the employee's right to sue on his own behalf.

Johnson v. Sword Line, Inc., 3 Cir., 257 F.2d 541; 240 F.2d 954, considered another aspect of the Czaplicki problem. There a longshoreman injured aboard a vessel directly sued the shipowner after accepting compensation from his stevedore employer pursuant to an award made under the Act. The employer's insurance carrier had failed to bring suit against the shipowner on the employee's assigned claim for five years. Depositions which had been taken did not show any satisfactory reason for the carrier's inaction or for its refusal to reassign the claim to the injured longshoreman.

The district court had granted defendant summary judgment on the ground that the statutory assignment of plaintiff's claim was a bar to the maintenance of an action on his own behalf against the shipowner. The Court of Appeals reversed. Reasoning from the Czaplicki case and from the dissent of Mr. Justice Black in the Ryan case, it held that upon the record before the court below, a conflict of interest would have to be presumed and that therefore

it had not been shown that the statutory assignment was a bar. However, it did not preclude further inquiry as to the reasons for the carrier's failure to bring suit on plaintiff's behalf at the trial where the question of bar could be finally determined.

In D'Amante v. Isthmian Lines, Inc., D.C.E.D.N.Y., 159 F.Supp. 468, plaintiff, a longshoreman employed by International Terminal Operating Co. was injured aboard an Isthmian ship in the course of his employment. He accepted a compensation award and then sued Isthmian. Liberty Mutual, the compensation carrier for the employer, International, was also its public liability carrier under a policy which also protected Isthmian from personal injury suits brought by International's employees. Thus Liberty Mutual was in effect Isthmian's insurer as well as International's.

Liberty brought suit against Isthmian as statutory assignee of D'Amante's claim shortly after D'Amante had brought his suit. It retained independent counsel to prosecute the action on D'Amante's behalf who had no connection with counsel it retained to represent Isthmian. The independent counsel was given authority to act as he saw fit in D'Amante's best interests. Isthmian moved to dismiss D'Amante's suit against it on the ground that the cause of action had been assigned and that the suit by Liberty Mutual was pending. The court denied the motion holding that the mere fact that the insurer had instituted action did not bar plaintiff from suing on his own behalf where the insurer's interests were in conflict with those of the employee assignee and it was in effect suing itself. The arrangements for separate counsel for D'Amante were held not to remove the prejudice to D'Amante's rights which arose from the conflict of interests.

The case at bar is not on all fours with any of the cases to which I have referred. Here, unlike the Czaplicki and Johnson cases, the employer's insurer has actually brought suit on the employer's behalf.

Unlike the Czaplicki and D'Amante cases, the insurer-assignee is not also the insurer of parties who might be directly liable to the employee.

Michigan Mutual, suing as Di Somma's assignee, is not the insurer of the shipowner who is alleged to be liable to Di Somma. On the record now before me it is, however, the insurer of Di Somma's employer who, upon appropriate facts, would be liable over to the shipowner as indemnitor under Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., supra, Weyerhaeuser Steamship Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491, and Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413. The moving affidavits affirmatively state that "in the event that the defendant prevails in a third party action the party ultimately liable to pay the judgment" will be Michigan Mutual, as the insurer of Di Somma's stevedore employer, suing as Di Somma's assignee in Action No. 1.

All that now appears in the limited record before me concerning the cause of Di Somma's injuries is that he was injured when cargo fell over on top of him when he was working in one of the holds of the vessel. These facts certainly do not exclude a claim over by the shipowner against the stevedore if the shipowner is held liable to Di Somma. In such event Michigan Mutual, at least on the record to date, would be called upon to pay any judgment over recovered by the shipowner against the stevedore employer.

Thus on the record as it now stands there is a conflict of interest between Di Somma and Michigan Mutual, his assignee. The potential loss to the assignee from a maximum recovery on behalf of the employee might far outweigh any financial benefits which it would derive from the recovery of the sums paid out by way of compensation. This conflict may well prevent the prosecution of the assignee's action with the vigor and zeal which would result in the maximum recovery for the employee. These are the very dangers envisaged in the

Czaplicki case and by Mr. Justice Black in the Ryan case.

It is suggested that, even though such a conflict exists, this case is not within the orbit of the Czaplicki case because the insurer assignee has already instituted an action on Di Somma's behalf and thus has acted diligently to protect his interests. I do not read the Czaplicki case as holding that commencement of an action by the assignee would operate to defeat the employee's right to maintain an action on his own behalf where there is conflict of interests. It is true that in the Czaplicki case "the inaction of the assignee operates[ed] to defeat the employee's interest in any possible recovery." 351 U.S. 525, 76 S.Ct. 946, 950, 100 L.Ed. 1387. But the court went on to say "Since the action by Travelers [the insurer] would, in effect, be an action against itself, Czaplicki is the only person with sufficient adverse interest to bring suit". It thus clearly indicated that, given a conflict, the employee could maintain his own action despite the commencement of suit by the assignee. The same dangers arise from a conflict of interest whether the assignee has failed to act or whether he has actually brought suit.

Thus the defendant is not entitled to summary judgment on the ground that the statutory assignment of Di Somma's claim and the commencement of action by the assignee bars the maintenance of this action by Di Somma.

Plaintiff suggests that Di Somma's action on his own behalf (Action No. 2) and the action by the assignee on Di Somma's behalf (Action No. 1) should be consolidated. There is considerable merit to this suggestion.

The court pointed out in the Czaplicki case, 351 U.S. at page 532, 76 S.Ct. at page 950, that the insurer assignee, Travelers, would be a proper party to the employee's suit and should be made a party on the employee's motion. Here, since the insurer assignee has already commenced an action, the same result would be reached by a consolidation which would protect the interests of both the employee and his assignee in any recovery and would avoid duplication of judicial time and effort.

However, the plaintiff has not moved to consolidate and the insurer assignee in Action No. 1 has had no opportunity to be heard on the question. A motion by the plaintiff employee to consolidate the two actions is in order and the question as to whether a consolidation should take place can then be determined after hearing all parties in interest.

One further word. The question of whether the employee's action is barred by the statutory assignment of his claim may have to be finally determined at a later stage of the litigation where the facts bearing on whether or not a conflict of interests actually exists can be fully explored. Such a determination may be facilitated if a consolidation of the two actions takes place.

The defendant's motion for summary judgment is in all respects denied.

It is so ordered.