Luis PEREZ, Plaintiff,

v.

COSTA ARMARTORI, S.P.A., Defendant.

No. 78 Civ. 1547.

United States District Court, S. D. New York.

Feb. 26, 1979.

---

**1212**

Zimmerman & Zimmerman, New York City, for plaintiff by Morris Cizner, New York City, of counsel.

Michael D. Martocci, New York City, for defendant.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This is an action by a longshoreman, Luis Perez, to recover damages for personal injuries he claims to have suffered in a fall on board a ship owned by the defendant, Costa Armartori, S.P.A. The shipowner now moves for summary judgment dismissing the complaint as time-barred. We deny that motion.

There is substantial agreement on the relevant facts. Some ten months after the injury, an agreement was reached between plaintiff, his compensation representative, and his employer, the John W. McGrath Corporation ("McGrath") on compensation for the injury. That settlement was confirmed by a Department of Labor claims examiner, John G. Provenza, in a letter to McGrath dated February 23, 1977. Plaintiff commenced this action by filing a summons and complaint on April 6, 1978, more than thirteen months after the claims examiner's letter.

Defendant bases its motion upon Section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 933(b), which provides that an injured worker's right to pursue an action against a shipowner is assigned to the worker's employer if the worker was awarded compensation "under an award in a compensation order filed by the deputy commissioner or [the Benefits Review] Board" and fails to commence such an action within six months thereafter. Section 33(b) is quoted in its entirety in the margin.[1]

The question now before us is whether the facts recited above are sufficient to demonstrate that the plaintiff has been awarded compensation under an award "in a compensation order filed by the deputy commissioner or [the] Board." We answer that question in the negative.

---

1. Section 33(b) provides:

   Acceptance of compensation operating as assignment

   (b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

Defendant relies upon Judge Carter's decision in *Rodriguez v. Compass Shipping Co. Ltd.* (S.D.N.Y.1978) 456 F.Supp. 1014. The *Rodriguez* decision clearly supports defendant's position but, with deference, we find ourselves unable to follow it. In the case at bar, as had been the situation in *Rodriguez*, there is no evidence that the deputy commissioner or the Board ever "filed an award in a compensation order" or that the claims examiner (or anyone else) was ever authorized to file such an order on the deputy commissioner's behalf. Judge Carter obviated the need for such evidence by taking judicial notice of what he believed to be normal bureaucratic procedures. It seems to us, however, that where a defendant seeks to invoke a statute of limitations, it should have the burden of actually establishing the prerequisites for such invocation. We accordingly follow those cases holding that a defendant cannot benefit from Section 33(b)'s six-month limitations period unless he first demonstrates either (1) that the Board or the deputy commissioner filed a compensation order or (2) that some third person was duly authorized to—and did indeed—so file on the deputy commissioner's behalf. *Grasso v. Lorentzen* (2d Cir. 1945) 149 F.2d 127, aff'g (S.D.N.Y.1944) 56 F.Supp. 51, *cert. denied* (1945) 326 U.S. 743, 66 S.Ct. 57, 90 L.Ed. 444; *Roeben v. United States* (D.N.J.1953) 113 F.Supp. 732, 735; *Romano v. United States* (S.D.N.Y.1950) 90 F.Supp. 15; *Sessa v. Weeks Stevedoring Co.* (S.D.N.Y.1943) 56 F.Supp. 50.

Defendant contends that these cases are undercut by the promulgation in 1977 of 20 C.F.R. § 702.312, which provides:

"702.313 Informal conferences; called by and held before whom.

Informal conferences shall be called by the deputy commissioner or his designee assigned or reassigned the case and held before that same person, unless such person is absent or unavailable. When so assigned, the designee shall perform the duties set forth below assigned to the deputy commissioner, *except that a compensation order following an agreement shall be issued only by a person so designated by the Director to perform such duty.*" (emphasis supplied)

While this regulation authorizes the designation of a third party for the purpose of issuing a compensation award, it says nothing about how such designation should be established. We hold that in situations where a party relies upon Section 33(b)'s six-month limitations period, the burden of establishing filing by the deputy commissioner or delegation of authority to file rests with the party seeking to invoke the limitation.[2] Such burden has not been satisfied here.

We accordingly need not reach plaintiff's claim that a "conflict of interest" between plaintiff and McGrath provides an exception to the statutory prohibition upon suits by injured workers after the expiration of the six-month period. See generally *Czaplicki v. The Hoegh Silvercloud* (1956) 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387; *Potomac Electric Power Company v. Wynn* (1965), 120 U.S.App.D.C. 13, 343 F.2d 295; *Johnson v. Sword Line, Inc.* (3d Cir. 1958) 257 F.2d 541; *Bandy v. Bank Line Ltd.* (E.D.Va.1977) 442 F.Supp. 882. However, we note that plaintiff's conflict of interest position tends to support our view of how the statute should be construed. If—as plaintiff urges and defendant does not dispute—stevedores never assert the rights that would be conferred upon them by the filing of an award, it seems logical to assume that the deputy commissioner would authorize his subordinates to approve informal settlements without authorizing them to go through the apparently useless ceremony of filing an award. He might well reason that if a stevedore really wanted the supposed benefits of § 33(b), it would see to it that an award was appropriately filed.

**2.** For example, in *Toomey v. Waterman* (2d Cir. 1941) 123 F.2d 718 where Judge Augustus Hand ruled that the deputy commissioner might act "informally", the proof that he had in fact acted was supplied by the deputy commissioner's notation in his own records of the disposition of plaintiff's claim.

**1214**

Since this order involves a controlling question of law as to which reasonable persons might differ, and since an immediate appeal may well materially advance the ultimate termination of the litigation, we grant defendant's request—made at oral argument—for certification to the Court of Appeals for immediate review under 28 U.S.C. § 1292(b) of the question of whether or not defendants may invoke 33(b) of the Longshoremen's and Harbor Workers' Compensation Act.

Let defendants submit an appropriate order.