Juan HERNANDEZ, Plaintiff,

v.

COSTA ARMATORI, S.p.A., PIA COSTA, Defendant.

No. 76 C 2300.

United States District Court,
E. D. New York.

March 30, 1979.

Irving B. Bushlow, Brooklyn, N. Y., for plaintiff.

Michael D. Martocci, New York City, for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff, a longshoreman, brought this suit for damages due to injuries sustained in January 1974 while he was employed by a stevedore, John W. McGrath Corp. ("McGrath"), on defendant's vessel.

He sought compensation under the Longshoremen's and Harbor Workers' Compensation Act ("the Act"), 33 U.S.C. §§ 901 et seq., and on January 31, 1975, he, his representative, McGrath's representative, and a United States Department of Labor claims examiner agreed in writing to an award of $5,827.10 for a permanent partial disability. McGrath paid plaintiff this amount on February 6, 1975. On December 22, 1976, some twenty-two and one-half months later, plaintiff brought this action.

Defendant moves for summary judgment, asserting that plaintiff's claim has been assigned to McGrath by operation of Section 933(b) of the Act since he did not bring the action within six months of payment of the award.

Under Section 933(a) an employee may accept compensation from the employer and still retain the right to sue a third person for his injuries. However, Section 933(b) provides that acceptance of compensation "under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment" of the claim to the employer unless the employee brings action within six months after the award.

The full text of Section 933(b) recites:

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award."

Plaintiff contends that he has not lost his right to sue because (1) the settlement agreement was not an "award in a compensation order filed by the deputy commissioner or Board" and there was no assignment and (2) that, even assuming an assignment, there is such a conflict between plaintiff's interests and those of the assignee-employer that he should be allowed to prosecute the action.

The Act originally required an employee to elect whether to accept compensation or to pursue his remedy against a third party. At that time mere acceptance of compensation operated as an assignment to the employer of any claim against the third person. 44 Stat. 1440. A 1938 amendment added the proviso that acceptance was to be deemed an assignment only if the compensation was paid "under an award in a compensation order filed by the deputy commissioner or Board". In 1959 further amendments eliminated the requirement that the employee make an election and enacted the present language permitting him six months to bring suit in his own name.

The purpose of the 1938 amendment requiring "an award in a compensation order" before acceptance would be deemed an assignment was evidently to cause the employee to focus on the consequences of acceptance. Presumably he would thus be aware of his loss of the right to bring suit against a third party. *See* H.R.Report No. 1945, 75th Cong., 3rd Sess. (1938). The courts held that to accomplish this end it was sufficient that there be "some official action" by the deputy commissioner and that entry of a formal order was not required. *Grasso v. Lorentzen,* 149 F.2d 127, 128–129 (2d Cir.), *cert. denied,* 326 U.S. 743, 66 S.Ct. 57, 90 L.Ed. 444 (1945). *See also Toomey v. Waterman S. S. Corp.,* 123 F.2d 718, 721 (2d Cir. 1941).

■ Plaintiff contends that here the compensation agreement does not satisfy the statute because it was signed by a claims examiner and not a deputy commissioner. However, the deputy commissioner may delegate his duties with regard to conferences and agreements as to disputed claims. 20 C.F.R. § 702.312. Moreover, the purpose of the 1938 amendment noted above hardly requires execution of every order by a deputy commissioner. It is true that some early district court opinions said that his signature was necessary. *See, e. g., Sessa v. Weeks Stevedoring Co.,* 56 F.Supp. 50 (S.D.N.Y.1943). But those cases were decided prior to the 1959 amendments abolishing the election requirement and postponing the statutory assignment for six months after acceptance of the award. The decisions were motivated by the harshness of the statutory provision requiring the employee to make an election and effecting an immediate assignment. In any event this court does not regard those opinions as authoritative and holds that the deputy commissioner may delegate the power to make an award satisfying Section 933(b).

The settlement agreement in this case reads: "We, the undersigned, having attended an informal conference, and having received a copy of the signed agreement, in this case on 1/31/75, agree, by the issuance of a Compensation Order, to the following

disposition." After specifying the disposition, the settlement concludes: "The employer-carrier shall make payment promptly following the conference, without regard to the receipt of the formal compensation order, in accordance with Section 702.315(a) of Regulations." This served to focus plaintiff's attention on the consequences of acceptance and is the equivalent of a "compensation order" for purposes of Section 933(b). *Rodriguez v. Compass Shipping Co. Ltd.,* 456 F.Supp. 1014, 1020 (S.D.N.Y.1978), reached a similar conclusion.

■ Since plaintiff failed to commence suit within the requisite six months, his right of action against defendant was assigned to his employer.

Plaintiff, citing *Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956), argues that, even assuming a statutory assignment, a "conflict of interest" between himself and his employer exists such that he should be permitted to prosecute the action.

In that case Czaplicki, the plaintiff longshoreman, accepted compensation three weeks after his accident. At that time the statute required him to make an election. However, the employee still retained an interest in the assigned claim since he was entitled to the balance of any recovery after reimbursement to the assignee of the amounts paid or payable in compensation and other expenses.

Czaplicki sued, among others, a contractor who had constructed the steps that caused his injury. The compensation carrier subrogated to the employer's rights (*see* Section 933(h)) also insured the contractor. There was thus no motive for the insurer as assignee to pursue the claim against the contractor. The assignee obviously had no interest in suing in effect itself.

In order to enable Czaplicki to protect his interest in the claim the Supreme Court read a "conflict of interest" exception into the absolute statutory language providing that acceptance "shall operate" as an assignment. As the Supreme Court said, "Czaplicki's rights of action were held by

the party most likely to suffer were the rights of action to be successfully enforced." *Id.* at 530, 76 S.Ct. at 949. The Court held that the Act "presupposes that the assignee's interests will not be in conflict with those of the employee" and permitted the plaintiff "to enforce, in his own name, the rights of action that were his originally." *Id.* at 531, 76 S.Ct. at 950.

The decision in *Ryan Stevedoring Co. v. Pan Atlantic Steamship Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), gave rise to another situation in which an assignee could gain nothing by suing a third party. That case held that a vessel owner liable to a longshoreman under the reasoning of *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), for injuries caused by unseaworthiness of the vessel could claim over against a stevedore-employer who had breached the warranty of workmanlike service to the vessel and thus caused or contributed to the unseaworthy condition. Under those circumstances a stevedore who as assignee asserted the employee's claim against the vessel merely exposed itself to a larger claim for indemnity at the hands of the vessel owner. Interpreting the Act as it stood prior to the 1959 amendments courts held that such a "conflict of interest", like that in the *Czaplicki* case, would permit the employee to maintain his own action even after acceptance of compensation. *See, e. g., Di Somma v. N. V. Koninklyke Nederlandsche Stoomboot,* 188 F.Supp. 292 (S.D.N.Y.1960).

In 1972 the Act was amended again to require that the vessel's liability to third parties be predicated not on unseaworthiness but on negligence and to abolish any claim over by the vessel against the stevedore. *See Pastorello v. Koninklijke Nederl Stoomb Maats,* 456 F.Supp. 882 (E.D.N.Y. 1978). These amendments effectively eliminated the conflict of interest resulting from the *Ryan* case.

Defendant argues that after the 1959 amendments there is no longer any need to read a "conflict of interest" exception into Section 933(b) since the employee may protect his interest by bringing action within the six months' period. This would be a plausible argument had the statute always read as it did after the 1959 amendments. A statute which provides that the employee may have six months to bring suit before acceptance "shall operate" as an assignment could well be read to have enacted a short statute of limitations admitting of no exceptions.

However, the statutory language was couched in the same absolute language both before and after the 1959 amendments. When Congress passed those amendments it was presumably aware of the *Czaplicki* opinion implying an exception to that language providing that acceptance "shall operate" as an assignment. Had Congress in 1959 wished to abandon the exception read into the language by the Supreme Court, Congress would not have done so by implication. At least its purpose would have been revealed in the pertinent Congressional report, which contains nothing to suggest any such aim. *See* S.Rep.No.428, 86th Cong., 1st Sess., U.S.Code Cong. & Admin. News 1959, p. 2134.

This court therefore holds that the conflict of interest exception implied in the Act by the Supreme Court has not been wholly abolished. The same conclusion was reached in *Rodriguez v. Compass Shipping Co. Ltd., supra,* and *Bandy v. Bank Line Ltd.,* 442 F.Supp. 882 (E.D.Va.1977).

However, it does not follow that the Act should be construed to allow every potential conflict of interest between the employee and the assignee to vitiate the assignment. Here plaintiff claims that the stevedore was naturally reluctant to bring action against the vessel owner for "fear of damaging customer relationships." But this is not the kind of matter that Congress could have viewed as sufficient to invalidate the assignment. Such a conflict has always been inherent in the statutory scheme. Presumably every stevedore would prefer not to give offense to its customer.

The same may be said concerning the divergence which plaintiff says exists between himself and his employer as to the extent of the injuries. The contention is

that the employer, as assignee, has a motive to urge in an action against a third party a disability no greater than that found in the compensation proceedings. To do otherwise might conceivably bring about a modification of the compensation award under Section 922 and an increase in the payments required to be made by the employer. But again any such conflict is inherent in the statutory structure. Every stevedore is naturally reluctant to expose itself to increased compensation payments.

Plaintiff has thus referred only to "conflicts of interest" of which Congress was aware in enacting the statute. To allow them as exceptions to the statutory assignment would be to read Section 933(b) out of the Act.

The assignment should only be ineffective where the employer has no immediate monetary interest in pursuing the assigned rights, where, for example, as in the *Czaplicki* case, the employer must pay from its own pocket any recovery made on the assigned claim. Such a rule hardly seems harsh. The employee who deems his claim meritorious can always pursue it within the six months' period.

Defendant's motion for summary judgment is granted and the complaint is dismissed. So ordered.