Salvatore **FRANCAVILLA,** Plaintiff,

v.

**BANK LINE, LTD.,** Defendant.

**No. 77 Civ. 5738 (KTD).**

United States District Court, S. D. New York.

April 9, 1979.

Zimmerman & Zimmerman, New York City, for plaintiff; Morris Cizner, New York City, of counsel.

Walker & Corsa, New York City, for defendant; Joseph T. Stearns, New York City, of counsel.

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Salvatore Francavilla, is a longshoreman who allegedly sustained personal injuries when he fell while working aboard defendant's vessel on January 23, 1975. Plaintiff thereafter filed a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act [hereinafter referred to as "LHWCA"], 33 U.S.C. § 901 *et seq.* As a result, he received compensation from his employer, the stevedore, which included payment for the temporary disability suffered as well as a lump sum payment for permanent disability. The last payment of compensation was made on September 29, 1975 following an informal conference conducted by a claims examiner on September 18, 1975. At that conference, the parties had agreed to the amount to be paid to plaintiff. The total paid was $4,667.65 as reflected under the Recommendation Section of the Memorandum of Informal Conference submitted by the claims examiner on September 22, 1975.

Plaintiff commenced this action on November 28, 1977 charging the defendant shipowner with negligence. Although he had received compensation from his employer, by virtue of Section 933(a) of the

LHWCA, plaintiff theoretically retained his right to recover damages from a third person who might be liable to him. Section 933(b), however, provides that acceptance of compensation from an employer

> Under an award in a compensation order filed by the deputy commissioner or [Benefits Review] Board [§ 921(b)] shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

33 U.S.C. § 933(b).

Defendant now moves, pursuant to Fed. R.Civ.P. 12 to dismiss this matter or in the alternative for summary judgment. The shipowner argues that plaintiff has no standing to bring the instant action since, by virtue of the lapse of six months following his award, the right to institute suit has been assigned to plaintiff's employer. Defendant submits that the Memorandum of Informal Conference completed by the claims examiner, the agreement of the parties to terminate the compensation claim on an agreed basis and the payment of additional compensation pursuant to the agreement was sufficient action on the part of the Compensation Board to constitute an "award" within the meaning of Section 933(b) and to thus start the six month limitation period running.

Plaintiff disputes this assertion and argues that the Memorandum of Informal Conference in this case does not amount to an award within the meaning of Section 933. According to plaintiff, the statute must be strictly construed. Section 933(b) provides that the award which triggers the six month limitation period is one in a compensation order filed by the deputy commissioner. Plaintiff asserts that only the deputy commissioner may issue such an order based on a settlement between the parties and that he may not delegate this duty to a claims examiner.

Thus, the threshold question for my determination is whether in this case an award was made within the meaning of the statute. Although the award may be informal, *Toomey v. Waterman Steamship Corp.*, 123 F.2d 718 (2d Cir. 1941), it appears that "there must be some official action by the deputy commissioner establishing an award of compensation in order to make [acceptance of compensation benefits] an assignment of the employee's action against a third party." *Grasso v. Lorentzen*, 149 F.2d 127, 128–29 (2d Cir.), *cert. denied*, 326 U.S. 743, 66 S.Ct. 57, 90 L.Ed. 444 (1945).

In *Grasso* the Court of Appeal affirmed the District Court's determination that a document signed by a claims examiner is not a § 933(b) award. *Grasso*, however, was decided at a time when the acceptance of benefits pursuant to an award automatically terminated the claimant's rights against third parties in favor of the employer. Indeed, it appears that concern for the harsh consequences of such an automatic assignment may have motivated the Courts of the *Grasso* era to strictly construe the meaning of an award in a compensation order. *See, e. g., Sessa v. Weeks Stevedoring Co.*, 56 F.Supp. 50, 51 (S.D.N.Y.1943). Today, of course, a claimant who accepts benefits pursuant to an award has six months within which to commence its action against the third party. 33 U.S.C. § 933(b). Thus, the rationale for the *Grasso* line of cases may have lost some of the force of years past.[1] In fact, it appears that the most recently decided cases in the area have opted for a liberal reading of what constitutes an award. *See Liberty Mutual Insurance Company v. Ameta and Co.*, 564 F.2d 1097 (4th Cir. 1977); *Rodriguez v. Compass Shipping Ltd.*, 456 F.Supp. 1014 (S.D.N.Y.1978). In *Rodriguez*, Judge Carter carefully analyzed the preceding case law together with the Regulations governing the administration of the LHWCA. He concluded that the

---

1. The 1959 amendments to the LHWCA were apparently enacted with a view toward remedying the hardship worked on an employee under the prior law. See S.Rep.No. 428, 86th Cong., 1st Sess. 2 (1959), U.S.Code Cong. & Admin.News, p. 2135.

ordering of compensation by a claims examiner or any other delegee of the deputy commissioner, as well as by a deputy commissioner himself, fully satisfies the purpose of the award requirement, which is solely to insure the injured person an opportunity to consider fully the consequences under § 933(b) of accepting compensation before those consequences are incurred.

*Id.* at 1020. (citation omitted).

I concur in Judge Carter's well-reasoned opinion. In the first place, the regulations in effect at the time of plaintiff's compensation empowered the deputy commissioner to delegate his duties with regard to compensation claims,[2] 20 C.F.R. § 702.312 (1976), and there is nothing to suggest that the claims examiner in this case was not such a delegee. Those same regulations provided that the agreement reached between the parties was to be embodied into a formal compensation order but that payment was to commence immediately, whether or not the formal order had been received. 20 C.F.R. § 702.315 (1976). Thus, in this case, following the informal conference, final payments were made, and in the ordinary course of events a formal order should have issued. Certainly the parties could have expected that it would issue as the regulations provided. Moreover, since plaintiff was represented by counsel, it cannot be argued that he was unaware of the regulations in question. Accordingly, as Judge Carter observed, there appears to be

no reason why a "technical administrative lapse should . . . control the legal significance of the settlement agreement." *Rodriguez, supra,* at 1020.

In determining whether compensation has been received under an award, a Court must concern itself with "the realities of the situation," rather than with "the labels employed." *Sabol v. Merritt Chapman & Scott Corporation,* 241 F.2d 765 (2d Cir. 1957). In this case a memorandum was filed reflecting the agreement of the parties, payments were made and the case was closed by the filing of the appropriate form with the Bureau of Employees Compensation, U.S. Department of Labor. All these affirmative acts, in my view, are sufficient to constitute an award within the meaning of section 933(b).[3]

Plaintiff also argues that even if I find that an order has been entered for purposes of § 933(b), he may still proceed because a potential conflict of interest exists between him and the employer/assignee. The Supreme Court in *Czaplicki v. The S.S. Hoegh Silvercloud,* 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956) recognized such a conflict in the situation where the assignee and the potentially liable third party shared the same insurer. Following that decision courts have recognized other situations of potential conflict, *see Bandy v. Bank Line Ltd.,* 442 F.Supp. 882 (E.D.Va.1977) and cases cited therein.

---

2. Plaintiff refers me to the most recent regulations which appear to curb somewhat the ability of the deputy commissioner to delegate duties. However, since these regulations were adopted well after plaintiff's receipt of compensation they are not applicable to these proceedings. For similar reasons plaintiff's recent submission, *Traina v. Pittson, et al.,* BRB No. 78–204, *et seq.* (August 31, 1978) is not controlling here.

3. Plaintiff suggests that certain language in *Intercounty Construction Corporation v. Walter,* 422 U.S. 1, 95 S.Ct. 2016, 44 L.Ed.2d 643 (1974) supports his position. As far as I can discern from a reading of that case, it has little or nothing to do with the situation before me. Plaintiff also argues that *Lumber Mutual Casualty Ins. Co. of New York v. Locke,* 60 F.2d 35 (2d Cir. 1932) stands for the proposition that a

claims examiner has no power to authorize a settlement award. *Locke,* however, was decided prior to the amendments to the LHWCA and, in any event, did not consider section 933(b).

Neither am I persuaded by plaintiff's reliance on *Potomac Electric Power Company v. Wynn,* 120 U.S.App.D.C. 13, 343 F.2d 295 (1965). That case held that whenever an employer/assignee does not sue a third party the employee may bring suit under section 933. As other Courts have pointed out, however, this result is inconsistent with the plain language of the statute as well as the legislative intent underlying it. *See Rodriguez v. Compass Shipping Co.,* 456 F.Supp. 1014 (S.D.N.Y.1978); *Bandy v. Bank Line Ltd.,* 442 F.Supp. 882 (E.D.Va.1977). Accordingly, I am not inclined to follow it.

■ Since the amendments to the LHWCA, of course, many of the conflict situations that had previously existed need no longer trouble the Courts.[4] However, there may still be instances where the interests of the employer and employee will be at odds. A conflict may exist, for example, where the stevedore and shipowner maintain a close relationship which the former does not wish to jeopardize by instituting suit. The burden of establishing such a conflict, however, rests on the plaintiff. *Bandy, supra,* at 886; *Rodriguez, supra,* at 1023.

In the instant case plaintiff has suggested that a conflict exists although the proof offered by him on this issue is far from adequate.[5] In the interests of justice, however, I am not inclined to dismiss the action without affording plaintiff the opportunity to explore and develop, through discovery, his claim of conflict.

Accordingly, plaintiff will be given sixty days in which to complete discovery on this question. Plaintiff is thereupon to submit such evidence as he has discovered to this Court for evaluation. Defendant's motion to dismiss will be held in abeyance until that time.

SO ORDERED.

---

4. The 1972 amendments eliminated some situations of obvious conflict. Before the amendments a shipowner that was found liable to a plaintiff due to the unseaworthiness of the vessel, could then turn around and recover from the stevedore that contributed to that condition. 33 U.S.C. § 905(b). Clearly, in such a circumstance the employer had little incentive to sue the shipowner.

5. Plaintiff's attorney has submitted an affidavit attesting to his conversation with an officer of the stevedore. Clearly this document, based as it is on hearsay, cannot be sufficient to sustain plaintiff's burden.