**David PANZELLA, Plaintiff,**

v.

**Ove SKOU, Defendant.**

**No. 77 Civ. 4938 (HFW).**

United States District Court,
S. D. New York.

May 14, 1979.

Zimmerman & Zimmerman, New York City, by Morris Cizner, New York City, of counsel, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, by Richard K. Matanle, II, John M. Toriello, New York City, of counsel, for defendant.

## OPINION

WERKER, District Judge.

In this negligence action, plaintiff longshoreman, David Panzella, seeks damages from defendant shipowner, Ove Skou, for personal injuries allegedly sustained while he was working aboard defendant's vessel in New York harbor. Defendant has moved for leave to serve an amended answer and for summary judgment. Fed.R.Civ.P. 15(a), 56(b).

*Motion To Amend The Answer*

The rule in this circuit is that "[l]eave to amend should be freely granted when justice so requires . . . especial-

ly where . . . there [is] no good reason not to grant it." *Gumer v. Shearson, Hammill & Co.,* 516 F.2d 283, 287 (2d Cir. 1974); *see Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Since plaintiff has failed to demonstrate that prejudice would result from such amendment, defendant's motion to amend its answer to assert the affirmative defense of assignment of this cause of action to the employer is granted. Fed.R.Civ.P. 15(a).

### Motion For Summary Judgment

For purposes of this motion the basic underlying facts are not in dispute. On May 22, 1974, plaintiff, a longshoreman employed by the Pittston Stevedoring Corporation[1] ("stevedore"), allegedly sustained injuries while assisting in the discharge of defendant's ship, the M/S MADS SKOU. Affid. of Richard K. Matanle, II,[2] at 1. Since these injuries were compensable under the Longshoremen's and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C. §§ 901–50, plaintiff filed a claim under the Act and received compensation from his employer, the stevedore, for both this temporary total disability[3] and his permanent partial disability.[4] Matanle affid., at 2. An informal conference was conducted by an Office of Workmen's Compensation claims examiner on September 8, 1975 to assess the nature and extent of plaintiff's damages and final payment upon this claim was made on September 26, 1975 in accordance with the recommendations made in the Memorandum of Informal Conference filed by the claims examiner on September 19, 1975. *Id.* at 2 & exhs. K, L. In total, plaintiff received $9,773.99 from the stevedore to compensate his loss. *Id.* at exh. L.

On October 11, 1977, over two years after the informal conference, plaintiff commenced this action to recover damages in negligence against the defendant for injuries sustained in the May 22, 1974 accident. Although the Act does not preclude a third party lawsuit by an injured longshoreman who has been compensated by his employer, section 933(b) of the statute mandates that any such action be commenced within six months after the longshoreman has accepted "compensation under an award in a compensation order filed by the deputy commissioner or Board." Under this provision,

> [a]cceptance of such compensation . . . shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

33 U.S.C. § 933(b).

In his motion for summary judgment, defendant shipowner contends that plaintiff is without standing to sue in the instant case since his acceptance of compensation without commencement of a third party action within six months operated as an assignment of his claim to the stevedore, plaintiff's employer. Defendant's Memorandum of Law, at 12. Plaintiff, however, alleges that there has been no assignment since the Memorandum of Informal Conference filed by the claims examiner does not constitute "an award" under section 933(b). According to plaintiff, only the deputy commissioner may issue a compensation order based upon a settlement between the parties. Consequently, plaintiff urges, delegation of such duty to a claims examiner is

---

1. Plaintiff refers to the stevedore as "Pittston Stevedoring Corp." while defendant refers to it as "Pittston Stevedoring Co." I assume the parties are referring to the same stevedore.

2. Richard K. Matanle, II is an attorney with the law firm representing defendant shipowner.

3. Plaintiff received payments from the stevedore totalling $4,771.43 to compensate his tem-

porary total disability from May 23, 1974 through December 8, 1974 inclusive. Matanle affid., exh. L.; *see id.* exh. K, at 2.

4. Additional compensation of $4,809.60 was awarded to plaintiff to cover his 10% permanent partial disability of the right leg. Matanle affid., exh. L; *see id.* exh. K, at 2.

not authorized by the Act.[5] Plaintiff's Memorandum In Opposition, at 1.

Resolution of this case, therefore, turns on what constitutes an award within the meaning of section 933(b). When the Act was passed in 1927, it required an injured employee to *either* pursue a third party action *or* accept the statutory scheme of relief thereby triggering an automatic assignment of his third party claim to his employer. Longshoremen's and Harbor Workers' Compensation Act, ch. 509, § 33(b), 44 Stat. 1440 (1927). In order to make employees aware of their election of remedies, courts construing the statute held that there could be no assignment of an employee's claim unless there was "some [formal act] by the Deputy Commissioner establishing an award of compensation." *Grasso v. Lorentzen,* 149 F.2d 127, 128 (2d Cir.), *cert. denied,* 326 U.S. 743, 66 S.Ct. 57, 90 L.Ed. 444 (1945). While a formal order was not required, *Toomey v. Waterman S.S. Corp.,* 123 F.2d 718, 721 (2d Cir. 1941), these early decisions held that a document signed only by a claims examiner was not an award within the meaning of the act. *See, e. g., Grasso v. Lorentzen,* 149 F.2d at 129, *aff'g* 56 F.Supp. 51 (S.D.N.Y.1944); *Sessa v. Weeks Stevedoring Co.,* 56 F.Supp. 50 (S.D. N.Y.1943).

■ The need for such strict construction of the award provision became less necessary, however, when, in 1959, Congress eliminated the automatic assignment provision and amended the statute to provide an injured employee who had accepted compensation with a six month period in which to commence his third party action. Longshoremen's and Harbor Workers' Compensation Act, Pub.L.No. 86–171, § 33(b), 73 Stat. 391 (1959). The harsh result of involuntary preclusion contemplated by the *Grasso* and *Toomey* courts therefore was mitigated. *See Francavilla v. Bank Line, Ltd.,* 470 F.Supp. 94, 96 (S.D.N.Y.1979); S.Rep.No. 428, 86th Cong., 1st Sess. 2, *reprinted in* [1959] U.S.Code Cong. & Admin. News, pp. 2134, 2135. Moreover, since the regulations promulgated to implement the Act permit the deputy commissioner to delegate his statutory duties to a claims examiner, 20 C.F.R. § 702.312, it appears that an informal act by an authorized claims examiner should also constitute a section 933(b) award. Since there is no evidence that the claims examiner in the instant case was acting without authority and for the reasons expressed in the carefully considered decisions of Judges Duffy, Nickerson and Carter, I join in liberally construing the award provision and agree with the recent decisions holding that a memorandum issued by a claims examiner pursuant to an informal conference attended by the parties or their representatives constitutes an award under section 933(b) without issuance of a formal compensation order. *Francavilla v. Bank Line, Ltd.,* 470 F.Supp. 94 (S.D. N.Y. 1979) (Duffy, J.); *Hernandez v. Costa Armatori, S.p.A.,* 467 F.Supp. 1064 (E.D.N. Y.1979) (Nickerson, J.); *Rodriguez v. Compass Shipping Co.,* 456 F.Supp. 1014 (S.D.N. Y.1978) (Carter, J.); *see Liberty Mutual Insurance Co. v. Ameta & Co.,* 564 F.2d 1097 (4th Cir. 1977). *But cf. Perez v. Costa Armartori, S.p.A.,* 465 F.Supp. 1211 (S.D.N. Y.1979) (Knapp, J.) (absent evidence that claims examiner was expressly authorized to file compensation order on deputy commissioner's behalf, a Memorandum of Informal Conference signed by a claims examiner is not an award).[6]

---

**5.** Plaintiff's contention that the deputy commissioner could not delegate his authority to hear and resolve the disputed claim in the instant case is clearly erroneous since the applicable regulation expressly permits such delegation. 20 C.F.R. § 702.312 (1976); *see Francavilla v. Bank Line, Ltd.,* 470 F.Supp. 94, 97 & n. 2. *But see Perez v. Costa Armartori, S.p.A.,* 465 F.Supp. 1211, 1213–14 (S.D.N.Y.1979), discussed herein at note 6 *infra.*

**6.** The *Perez* case is distinguishable in that it involved a 1977 amendment to 20 C.F.R. § 702.312 that is inapplicable to the case at bar. Judge Knapp construed the 1977 amendment as requiring explicit evidence that the deputy commissioner has actually delegated his authority to issue a compensation order to a claims examiner. *Perez v. Costa Armartori, S.p.A.,* 465 F.Supp. at 1213–14.

In *Francavilla, Hernandez,* and *Rodriguez,* the plaintiff, an injured longshoreman like plaintiff David Panzella herein, had his statutory claim adjudicated at an informal conference conducted by a claims examiner. Final payment to the plaintiff was made pursuant to the Memorandum of Informal Conference and the case was closed in accordance with appropriate administrative procedures. Although a final compensation order was neither issued nor signed by the deputy commissioner in any of these cases, it was clear in each instance that the parties understood that they were settling their outstanding statutory claims. Since a court determining whether a section 933(b) award exists must look to "the realities of the situation" rather than "the labels employed," *Sabol v. Merritt Chapman & Scott Corp.,* 241 F.2d 765, 767 (2d Cir. 1957), I can find "no reason why a 'technical administrative lapse should . . . control the legal significance of the settlement agreement' " reached by the parties. *Francavilla v. Bank Line, Ltd.,* 470 F.Supp. at 97, *quoting Rodriguez v. Compass Shipping Ltd.,* 456 F.Supp. at 1020. Accordingly, I hold that the compensation received in the instant case constitutes "an award" under section 933(b). Plaintiff's failure to commence a third party action within six months therefore operated as an assignment of his claims to the stevedore.

■ Plaintiff further contends that even if it is found that he received an award under section 933(b), he should be able to prosecute his claim under the judicially-created conflict of interest exception. *Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956). Defendant, on the other hand, alleges that the 1959 and 1972 amendments of the Act have eliminated the exemption. I am in accord with the recent decisions sustaining the conflict of interest exception. *E. g.,*

*Hernandez v. Costa Armatori S.p.A.,* 467 F.Supp. at 1066–67; *Rodriguez v. Compass Shipping Co.,* 456 F.Supp. at 1023; *Bandy v. Bank Line Ltd.,* 442 F.Supp. 882, 884–86 (E.D.Va.1977). Consequently, I hold that where a longshoreman sufficiently demonstrates that he has a conflict of interest with his stevedore-assignee, he will be permitted to commence a third party suit in his own name even though there technically has been an assignment of his claim under section 933(b) of the Act.

■ Plaintiff suggests that that an inference of a conflict of interest may be drawn from the general tendency among stevedores to refrain from pursuing third party claims against shipowners because such suits antagonize potential or actual customers. Although he cites *Valentino v. Rickners Rhederei G.m.b.H.,* 552 F.2d 466 (2d Cir. 1977) in support of this proposition, plaintiff has not submitted any evidence of any kind to substantiate his contention that an actual conflict of interest exists. Since mere allegations will not sustain plaintiff's burden of proof on the conflict of interest issue, *see Schiess-Froriep Corp. v. S.S. Finnsailor,* 574 F.2d 123, 126 (2d Cir. 1978); *Christophides v. Porco,* 289 F.Supp. 403, 407 (S.D.N.Y.1968), and since no court to date has adopted the "fear of customer retaliation" argument, *see, e. g., Valentino v. Rickners Rhederei G.m.b.H.,* 552 F.2d at 469; *Hernandez v. Costa Armatori, S.p.A.,* 467 F.Supp. at 1067–68, this Court finds that no genuine question of material fact has been sufficiently raised in the instant case. In the complete absence of any concrete evidence or specific argument refuting defendant's showing that plaintiff has no standing to sue, the Court finds that judgment must be rendered for the defendant as a matter of law. *See S.E.C. v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir. 1978).[7]

---

7. The Court notes that Judges Duffy and Carter granted the plaintiffs in *Francavilla v. Bank Lines, Ltd.,* 470 F.Supp. at 98, and *Rodriguez v. Compass Shipping Co.,* 456 F.Supp. at 1024, a period of time in which to conduct discovery on the conflict of interest question. I choose not to do so in the instant case. The plaintiff has provided not one shred of evidence supporting his conflict of interest claim. Moreover, the action was commenced over a year and a half ago, and the parties have had ample opportunity to conduct discovery. Hence, additional delay for purposes of discovery is in my opinion unwarranted.

## CONCLUSION

In accordance with the above, the defendant's motion for summary judgment is granted; plaintiff's complaint is dismissed in all respects. The defendant is directed to submit a judgment within 10 days after entry of this order.

SO ORDERED.