**Nicholas THEODORE, Plaintiff,**

v.

**MOORE McCORMACK LINES, INC., Defendant.**

**No. 80 Civ. 6909(MP).**

United States District Court, S. D. New York.

June 11, 1981.

Schwartz, Dicker & Gutstein, Brooklyn, N. Y., by Lawrence D. Dicker, Brooklyn, N. Y., for plaintiff.

Kirlin, Campbell & Keating, New York City, by Mark F. Muller, New York City, for defendant.

MEMORANDUM

MILTON POLLACK, District Judge.

Defendant moves to dismiss pursuant to Section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 933(b), on the ground that plain-

tiff's claim has been assigned by operation of law to his employer. Plaintiff opposes dismissal contending that there has been no assignment.

The relevant portion of the statute reads: Acceptance of such compensation under an *award in a compensation order filed by the deputy commissioner or Board* shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award. 33 U.S.C. § 933(b) (emphasis added).

The issue in this motion is whether six months passed between the time plaintiff accepted an "award" as intended in the above-quoted passage and the time he brought suit. Plaintiff was injured on January 10, 1978. He received compensation from his employer between January 12, 1978 and November 29, 1978. On October 23, 1979, he received a payment settling his compensation claim against his employer, pursuant to a recommendation made by a U.S. Department of Labor claims examiner at an informal conference held on October 15, 1979. On November 8, 1979, this action was commenced.

Defendant contends that the six-month period began to run, at the latest, November 29, 1978 and that plaintiff's claim was assigned under § 933(b) at the time he filed suit. Plaintiff contends that the six-month period began to run on October 23, 1979, when he accepted compensation under an award in a compensation order filed with the U.S. Department of Labor.

The recent Supreme Court case, *Rodriguez v. Compass Shipping Co. Ltd.,* —— U.S. ——, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981), is not useful in resolving this issue. In fact, it explicitly avoids addressing the issue of what constitutes an "award in a compensation order" for purposes of triggering the 6-month period within which

the plaintiff must either sue or lose the right to sue.

our order granting the petition [for certiorari] did not extend to this question [of what activates the assignment under § 33(b)]. Accordingly, *for purposes of our decision, we assume that their acceptance of compensation operated as an assignment under § 33(b).* Id., at ——, —— n.3, 101 S.Ct. 1945, 1948, 68 L.Ed.2d 472 n.3. (emphasis supplied) *

The Second Circuit whose opinion in *Rodriguez v. Compass Shipping Co. Ltd.,* 617 F.2d 955, 959 (1980), was affirmed by the Supreme Court has defined an "award" as follows:

an agreement settling an injured employee's claim to workmen's compensation, *signed after an informal conference with a claims examiner* by whom it was approved, constitutes an "award" within the meaning of § 33(b).

"[M]ere acceptance of compensation, absent an 'award', does not effect a statutory assignment of the injured party's claim." *Rodriguez v. Compass Shipping Co. Ltd.,* 456 F.Supp. 1014, 1019 (S.D.N.Y.1978), aff'd, 617 F.2d 955 (2d Cir. 1980), aff'd, —— U.S. ——, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981).

Plaintiff in this case did not have "an informal conference with a claims examiner" until October 1979. He filed suit within a month of that conference. Therefore it seems quite clear that, under the Second Circuit definition of an "award", he is not barred by the 6-month provision of § 933(b).

Defendant's contention that the 6-month period began to run as of the time the employer began to pay compensation is contradicted by the language of the Second Circuit in *Rodriguez* and by numerous District Court opinions. *Panzella v. Skou,* 471 F.Supp. 303 (S.D.N.Y.1979); *Barulec v. Skou,* 471 F.Supp. 358 (S.D.N.Y.1979); *Francavilla v. Bank Line, Ltd.,* 470 F.Supp. 94 (S.D.N.Y.1979); *Hernandez v. Costa Ar-*

---

* Certiorari was granted on the question of "what, if any, right the longshoreman has against the third-party shipowner if he does not sue within the 6-month period and the employer fails to do so thereafter." at ——, 101 S.Ct. at 1948.

*matori, S.p.A.*, 467 F.Supp. 1064 (S.D.N.Y. 1979); *see also, Sea Quest Marine, Inc. v. Cove Shipping, Inc.*, 474 F.Supp. 164 (W.D. Wash.1979).

The purpose for this requirement of an informal conference at which a representative of the Labor Department attends is to protect the longshoreman:

> The purpose of the provision for filing of an order was to insure that the claimant-employee knew that he was foregoing his right to sue by acceptance of the compensation agreement ... *Rodriguez v. Compass Shipping Co. Ltd.*, 617 F.2d at 959.

If the 6-month period began to run when the longshoreman first began to receive compensation from his employer instead of after the meeting to settle the claim at which a Labor Department representative is present, the purpose of the filing provision as quoted above would be completely undermined.

### CONCLUSION

The motion by the defendant to dismiss hereby is denied. The 6-month period of § 33(b) did not begin to run until the informal conference on October 15, 1979. Plaintiff commenced suit within less than a month of that date.

SO ORDERED.