NELSON SPOTO ET AL. v. WASHINGTON
METROPOLITAN AREA TRANSIT
AUTHORITY ET AL.

[No. 1265, September Term, 1981.]

*Decided September 8, 1982.*

The cause was argued before MOORE, LOWE and LISS, JJ.

*James J. Bierbower* for appellant Spoto. *W. Barry Wraga* for appellant Continental Casualty Company, with whom

were *William H. Clarke* and *Galiher, Clarke, Martell & Donnelly* on the brief, for appellants.

*Warren D. Stephens,* with whom were *Kevin J. McCarthy* and *O'Malley, Miles, Farrangton & McCarthy* on the brief, for appellees.

MOORE, J., delivered the opinion of the Court.

The question presented here is whether the Circuit Court for Prince George's County (Femia, J.) correctly granted summary judgment for the appellee-defendant in a personal injury suit on the ground that a federal six-month period of limitations applied, and not Maryland's three-year statute. We find error and vacate the judgment.

## I

Nelson Spoto, an architect, was injured on January 14, 1976, while working for an architectural firm on a Metro site in Prince George's County. The employer's insurer, Continental Casualty Company (CNA) paid him workers' compensation benefits between February 1976 and December 1977.

On January 11, 1979, three days before the three-year statute of limitations expired, Mr. Spoto filed a negligence action against Washington Metropolitan Area Transit Authority (WMATA) and others. The suit represented the personal claims as well as the subrogated interest of CNA.

On the day of trial, the defendants moved for summary judgment contending that Spoto was barred by a six-month limitations period contained in the Longshoremen's and Harbor Workers' Act,[1] 33 U.S.C. § 933 (b) (1976 ed.), which reads as follows:

"Acceptance of such [workers'] compensation *under*

---

1. Mr. Spoto's claim for compensation was brought pursuant to § 36-501, *et seq.,* of the District of Columbia Code. By making such a claim, he became subject to the provisions of the Longshoremen's and Harbor Workers' Compensation Act which has been made applicable to the District of Columbia.

*an award in a compensation order filed by the deputy commissioner or Board* shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award." (Emphasis added.)

## II

The motion of WMATA for summary judgment was made orally in open court, when the case was called for trial. Counsel for WMATA informed the court that "rather than go through lengthy introduction of exhibits" in support of the motion, he could establish his case "in two minutes through the plaintiff, Mr. Spoto."

The only relevant facts adduced in Mr. Spoto's very brief appearance on the witness stand were (a) that CNA paid him a total of "nine thousand some dollars," beginning approximately one month after the accident and (b) that Mr. Spoto accepted the payments.

As we note from the simple, direct language of § 933 (b) quoted above, it was incumbent upon the defendants to show more than the payment and acceptance of workers' compensation payments. Only acceptance of such compensation

- under an award
- in a compensation order
- filed by the Deputy Commissioner or [Benefits Retirement] Board

triggers an assignment to the employer, unless the person entitled to compensation commences an action *"within six months after such award."* (Emphasis added.)

The record below is bereft of facts pertaining to an award. This was appellees' burden. They failed to sustain it and were not entitled to summary judgment. The lower court erred in its conclusion that acceptance of compensation paid by CNA triggered an assignment and the operation of the

short statute of limitations. The case of *Rodriguez v. Compass Shipping Co.,* 451 U.S. 596, 101 S.Ct. 1945 (1981), upon which the defendants and the court relied, does not support such a conclusion; and it is at variance with the meaning of § 933 (b) as shown by the legislative history of the section as set out in *Rodriguez.*

In *Rodriguez* the Court assumed for the purposes of the decision that the plaintiff had "accepted compensation from his employer pursuant to an award in a compensation order." *Id.* at 1948, n.3. Indeed, at n.16, *id.* at 1951, the House Report makes clear that there is a significant difference between "acceptance of compensation" and "acceptance of . . . compensation under an award in compensation." The Court noted that, prior to 1938, acceptance of compensation, without more, operated as an assignment. 44 Stat. 1424, 1440 (1927); but by an amendment in 1938 the employee was relieved of the risk of having a mere acceptance of compensation operate as an immediate assignment of his cause of action against a third party, 52 Stat. 1164, 1168.[2] *Id.* The 1938 procedural change, the Court stated, *id.* at 1951, was "designed to protect the employee from the harsh consequences of an improvident election." [3]

We think it is clear that mere acceptance of compensation, absent an award, does not effect a statutory assignment of the injured party's claim unless suit is filed in six months. Neither the undisputed facts nor the applicable law supported the grant of summary judgment in this case. *See Theodore v. Moore McCormack Lines, Inc.,* 516 F.Supp. 25 (S.D.N.Y. 1981); *Dunbar v. Retla Steamship Co.,* 484 F.Supp. 1308 (E.D. Pa. 1980).

> *Judgment vacated; case remanded for trial; appellees to pay the costs.*

**2.** In 1959, § 933 (b) was amended to its present form, affording the employee a six-month period, after receiving a statutory compensation award, within which to sue the third party and prevent an assignment.

**3.** The court quotes extensively from the House Committee Report on the 1938 amendment concerning the purpose of the measure, *i.e.,* to "remove possible cause of complaint" that mere acceptance of compensation effected an assignment to the employer. Rodriguez v. Compass Shipping Co., 451 U.S. 596, 101 S.Ct. 1945, 1951 (1981).